Present:  All the Justices

ANTHONY V. LANASA

OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.

v.  Record No. 951037

March 1, 1996

KATHLEEN E. WILLEY

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

This case involves an action on a promissory note.  The sole issue on appeal is whether the trial court erred in limiting the payee's recovery to one-half of the principal amount of the note.

Attorneys Watson M. Marshall and Edward E. Willey, Jr., represented Anthony V. Lanasa and Josephine L. Abbott, who are brother and sister, in two condemnation cases involving real property in which Lanasa and Abbott each owned a 50% interest. The two cases were consolidated and tried in May 1993.

On June 7, 1993, the condemnation court confirmed an award of $255,073.90, plus accrued interest of $19,421.32, and, on June 9, 1993, the court's clerk issued two checks, totalling $274,495.22, each payable to Mr. Willey as attorney for Lanasa and Abbott.  Upon receiving the checks, Mr. Willey endorsed and negotiated them.

Lanasa and Abbott, however, never received the proceeds from the condemnation award.  Thereafter, Marshall made repeated attempts to contact Mr. Willey to secure payment to Lanasa and Abbott.  Finally, on November 15, 1993, Marshall informed Mr. Willey, by letter, that, if Willey did not pay the money by 5:00 p.m. on November 15, Marshall would file suit against Mr. Willey and report the matter to the Virginia State Bar for disciplinary

action.

The next day, in response to Marshall's letter, Mr. Willey telephoned Marshall and proposed to meet Marshall later in the day at a parking lot of the Chesterfield County Courthouse.  At the meeting, Mr. Willey stated that he did not have the money because he had used it to pay the Internal Revenue Service, but that he could get the money in two weeks.  He offered to give Marshall a demand note in the principal amount of $274,495.22, with interest thereon at 6% per annum from June 9, 1993, made by Mr. Willey, his professional corporation, and his wife, Kathleen E. Willey.

Lanasa and Abbott agreed to Mr. Willey's offer.  The note, dated November 16, 1993, was payable on demand and "to the order of Watson M. Marshall, Attorney for Anthony V. Lanasa."  The note was executed by Mr. Willey, personally and as president of his corporation, and by Mrs. Willey.  At trial, the authenticity of the signatures was stipulated.

In late November, about the time the note was to have been paid, Mr. Willey committed suicide.  Mrs. Willey refused to pay the note, and Lanasa, Abbott, and Marshall filed the present action against the Estate of Edward E. Willey, Jr., Edward E. Willey, Jr., P.C., and Kathleen E. Willey (collectively, Willey), seeking judgment in the amount of $274,495.22, the principal amount of the note, together with interest thereon at 6% per

annum from June 9, 1993.  A jury trial ensued.[1]

At trial, Mrs. Willey raised a number of defenses to the enforceability of the note.  Specifically, she claimed that the note was an illegal contract, the fruit of extortion, and the product of duress.  All these defenses, however, were submitted to and rejected by the jury.

The jury returned a verdict in favor of Lanasa in the amount of $137,247.61, the amount previously determined by the trial court to be recoverable.  The trial court denied Mrs. Willey's post-verdict motions challenging the jury's verdict and entered judgment on the verdict, and Mrs. Willey has not assigned cross-error to the trial court's ruling.  Lanasa, in his appeal, however, claims that the trial court erred in instructing the jury that any recovery was limited to $137,247.61, one-half the principal amount of the note.

The parties do not dispute that the note is a negotiable instrument within the meaning of the Uniform Commercial Code, Code § 8.1-101 et seq.  The note contains an unconditional promise to pay a fixed amount of money, i.e., $274,495.22.  It was payable on demand and to order at the time it was issued, and it "does not state any other undertaking or instruction" by the

---

[1]Prior to trial, Marshall took a nonsuit and was dismissed from the action without prejudice.  At trial, at the conclusion of the plaintiffs' case, the trial court granted Willey's motion to strike the evidence as to Abbott on the ground that she was not a holder of the note, and Abbott was dismissed from the action with prejudice.

makers "to do any act in addition to the payment of money."  Code § 8.3A-104.

Given that the note is a negotiable instrument within the meaning of the Code, we must determine what obligation Mrs. Willey and the other makers incurred when they issued the note. The answer is found in Code § 8.3A-412, which, in pertinent part, provides that "[t]he issuer of a note . . . is obliged to pay the instrument . . . <u>according to its terms</u> at the time it was issued."  (Emphasis added.)[2]  Thus, Mrs. Willey, having lost on all of the defenses she asserted, is obligated to pay the note "according to its terms at the time it was issued," <u>i.e.</u>, to pay the amount of $274,495.22, together with interest thereon at the rate of 6% per annum from June 9, 1993.[3]  Therefore, we hold that the trial court erred in limiting Lanasa's recovery to one-half of the principal amount of the note.[4]

---

[2]"`Issuer'. . . means a maker . . . of an instrument."  Code § 8.3A-105(c).

[3]On appeal, Mrs. Willey contends that "the consideration for [her] alleged promise to pay the full amount of the [n]ote partially failed."  Although Mrs. Willey pleaded that there was "insufficient consideration" for the note, she did not rely upon the defense of failure of consideration, either in whole or in part, at trial.  We will not consider this contention for the first time on appeal.  Rule 5:25.

[4]We find no merit in Mrs. Willey's claim that "to permit Lanasa to recover the full amount of the [n]ote would facilitate a double recovery."  Mrs. Willey's sole obligation in this matter is as a maker of the note.  She and the other makers are "jointly and severally liable in the capacity in which they sign," and, if she pays the note, she will be entitled to receive contribution from the other makers.  Code § 8.3A-116.

Accordingly, we will reverse the judgment of the trial court and modify it to reflect the full principal amount of the note, plus interest and costs, and enter final judgment, as modified, in favor of Lanasa.

<u>Reversed, modified,
and final judgment.</u>