Present:  All the Justices

ANNIE CONNER

v.    Record No. 951836

JAMES M. ROSE

OPINION BY JUSTICE LEROY R. HASSELL, SR.
June 7, 1996

FROM THE CIRCUIT COURT OF HENRICO COUNTY
James E. Kulp, Judge

Code § 8.01-380(A) contains a limitation which provides that "[a]fter a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken, unless that court is without jurisdiction."  In this appeal, we consider whether Code § 8.01-380(A) permits a plaintiff to nonsuit an action in a general district court and to refile that action in a circuit court, claiming damages in excess of the jurisdiction of the general district court.

In 1994, Annie Conner filed an action against James M. Rose in the Richmond City General District Court.  Conner alleged in her warrant in debt that she had purchased a home from Rose and that he breached certain warranties that he had made to her.  Conner sought damages in the amount of $4,000.

On Rose's motion, the action was transferred to the Henrico County General District Court.  Subsequently, Conner nonsuited her action in that court and refiled her action in the Circuit Court of Henrico County.  Her motion for judgment included causes of action for breach of warranty and fraud in connection with the purchase of the house.  She sought compensatory and punitive damages totaling $11,000.

Relying upon Code § 8.01-380(A), Rose requested that the circuit court transfer Conner's action to the general district court. Rose argued, and the trial court held, that Code § 8.01-380(A) requires that Conner refile her action in the general district court because her nonsuit was taken in that court. We awarded Conner an appeal.

Conner asserts that Code § 8.01-380(A) permits her to file her action in the circuit court because the ad damnum clause in her motion for judgment exceeds the jurisdictional limit of the general district court and, therefore, the general district court lacks jurisdiction over her action. We agree.

The applicable statutory language quoted in Code § 8.01-380(A) is clear and unambiguous and, therefore, we apply its plain meaning. Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). This language permits Conner to refile her action in the circuit court because the ad damnum clause in her motion for judgment exceeds the general district court's jurisdictional limit of $10,000, see Code § 16.1-77. Therefore, the general district court is without jurisdiction to adjudicate her claims.

Accordingly, we will reverse the judgment of the trial court and remand this case for further proceedings.

Reversed and remanded.