Present:  All the Justices

JOSEPHINE A. ABBOTT, ET AL.
                        OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 960984          January 10, 1997

KATHLEEN E. WILLEY, ET AL.

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                      Timothy J. Hauler, Judge


     The primary issue that we consider in this appeal is
whether Code § 64.1-193 permits a person to disclaim an
interest in the proceeds of a life insurance policy to the
detriment of her creditors.

     Anthony V. Lanasa and Josephine A. Abbott filed their
bill of complaint against Kathleen E. Willey, J. Patrick
Willey, and Shannon J. Willey.  The plaintiffs alleged the
following.  Patrick Willey and Shannon Willey are the
children of Kathleen Willey and her deceased husband, Edward
E. Willey, Jr.  Plaintiffs recovered a judgment in the sum
of $274,495.22 plus interest and costs against Kathleen
Willey based upon a note she had executed with her husband.
 Edward Willey, Jr. died shortly after the note was executed
in November 1993.[*]

     A life insurance company had issued a life insurance
policy on the life of Edward E. Willey, Jr., and Kathleen
Willey was entitled to receive $350,845.92 plus interest
from the date of his death.  Patrick and Shannon Willey were
entitled to receive an equal sum from the life insurance

     [*]This judgment was the subject of a prior appeal to
this Court, Lanasa v. Willey, 251 Va. 231, 467 S.E.2d 786
(1996).

policy.

According to the plaintiffs' allegations, Kathleen Willey, "without consideration, fraudulently and voluntarily, with intent to hinder, delay, and defraud the [p]laintiffs, disclaimed the benefits due to her under the life insurance policy. Upon disclaiming her death benefit proceeds, the [d]efendant Kathleen Willey became insolvent." Kathleen Willey's children received the death benefits and used those funds to support their mother.

The plaintiffs asserted that Kathleen Willey's disclaimer constituted a fraudulent transfer or conveyance under Code § 55-80 and a void voluntary conveyance under Code § 55-81. The plaintiffs also contended that Patrick and Shannon Willey, with fraudulent intent, received funds in the amount of $274,495.22 as a result of Kathleen Willey's disclaimer, and that they have been unjustly enriched and, therefore, hold these funds constructively for the benefit of the plaintiffs.

The defendants filed a demurrer, asserting, inter alia, that Kathleen Willey had an absolute right to disclaim the proceeds of the life insurance policy. The defendants also asserted that the plaintiffs' unjust enrichment claim is barred by Code § 38.2-3122. The trial court sustained the defendants' demurrer and entered judgment in their favor. We awarded the plaintiffs an appeal.

Code § 64.1-191 states in relevant part that a "beneficiary under a nontestamentary instrument . . . may

disclaim in whole or in part the succession to any property, real or personal, or interest therein." Code § 64.1-192 prescribes the method of delivering or filing a disclaimer under a nontestamentary instrument. Code § 64.1-193, which governs our resolution of this appeal, states:

> "Unless otherwise provided in the nontestamentary instrument, the property or part thereof or interest therein disclaimed and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest disclaimed shall be distributed as if the disclaimant had died before the effective date of the nontestamentary instrument. The disclaimer shall relate back for all purposes to the effective date of the instrument. A person who has a present and a future interest in property and disclaims his present interest in whole or in part, shall be deemed to have disclaimed his future interest to the same extent if such disclaimer of a present interest would cause the future interest to become a present interest."

The plaintiffs contend that Kathleen Willey had no absolute right to disclaim the insurance policy proceeds and that such disclaimer was void because she made a voluntary or fraudulent conveyance. The defendants respond that Code § 64.1-193 confers upon Kathleen Willey an absolute right to disclaim any interest she might have in a nontestamentary instrument. The defendants also assert that Kathleen Willey's disclaimer relates back to the effective date of the insurance policy and, therefore, she had no vested interest in the life insurance proceeds at the time she exercised her right to disclaim them and, thus, she was incapable of making a fraudulent or involuntary transfer of property.

We have repeatedly articulated principles of statutory construction that we must apply when a statute, such as Code § 64.1-193, is clear and unambiguous:

> "While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import, the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed."

Barr v. Town & Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) (quoting Watkins v. Hall, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)). Accord Conner v. Rose, 252 Va. 57, 58, 471 S.E.2d 478, 479 (1996).

Applying the plain language contained in Code § 64.1-193, we conclude that once Kathleen Willey disclaimed her interest in the insurance proceeds, those proceeds were required to be distributed to Patrick and Shannon Willey as if Kathleen Willey had died before the effective date of the insurance policy. Code § 64.1-193 makes it perfectly clear that the disclaimer relates back "for all purposes" to the effective date of the life insurance policy. The plaintiffs and defendants agree that the effective date of the insurance policy precedes the events that gave rise to the plaintiffs' purported cause of action against the defendants.

Code § 64.1-193 does not contain an exception which permits creditors to contest a disclaimer on the basis of a

fraudulent or voluntary conveyance, and we decline the plaintiffs' invitation to add such an exception to the statute. Therefore, we hold that Kathleen Willey had an absolute right under Code § 64.1-191 to disclaim any interest she may have had in the insurance policy, and as a result of such disclaimer, she acquired no interest in the insurance proceeds because the disclaimer related back to the effective date of the insurance policy.

We find no merit in the plaintiffs' contention that the trial court erred by holding that their claim for unjust enrichment against Patrick and Shannon Willey is barred.

Code § 38.2-3122 states in relevant part:
> "The assignee or lawful beneficiary of an insurance policy shall be entitled to its proceeds against any claims of the creditors or representatives of the insured or the person effecting the policy, except in cases of transfer with intent to defraud creditors. . . ."

Here, Kathleen Willey's disclaimer related back "for all purposes" to the effective date of the insurance policy and, thus, she acquired no property interest which could be transferred.

In view of our holdings, we need not consider the plaintiffs' remaining arguments. Accordingly, we will affirm the judgment of the trial court.

<u>Affirmed</u>.