# CIRCUIT COURT OF WESTMORELAND COUNTY

Fauntleroy

v.

Carden
and Potomac Supply Corp.

June 16, 1997

BY JUDGE JOSEPH E. SPRUILL, JR.

The question here is whether plaintiff's present action against Potomac Supply Corporation is time barred.

Plaintiff's first suit, filed December 28, 1994, alleged he was injured in an accident on December 28, 1992, as a result of the negligence of Mr. Carden while acting within the scope of his employment with Potomac Supply Corporation. This action subsequently was nonsuited, first as to Potomac, and then as to Carden.

A new action against both defendants was filed October 2, 1996, alleging as to Potomac that it was negligent in failing to maintain, inspect, or repair the vehicle operated by Carden at the time of the accident.

Potomac complains that this is a new cause of action alleging for the first time that Potomac itself was negligent. If so, the action is barred by the applicable statute of limitations, § 8.01-243.

The first motion for judgment states in Paragraph 4 that "as a direct and proximate cause of defendants' negligence and recklessness," plaintiff was injured. However, the only allegation of negligent conduct set forth in the motion for judgment is that of Carden. There is no suggestion whatever that Potomac is liable other than under the doctrine of *respondeat superior*. The more recent action alleges specific negligence on the part of Potomac. The same evidence would not support both complaints. *Vines v. Branch*, 244 Va. 185 (1992). The present suit is, in fact, a new substantive cause of action in which Potomac itself could be liable irrespective of whether Carden were

negligent. As such, it is barred by § 8.01-243 because it was brought more than two years after December 28, 1992.

By letter of December 1, 1995, Potomac agreed to allow plaintiff to bring Potomac "back into the case" following Potomac's nonsuit "even if more than six months from the date of the nonsuit has passed." However, the suit referred to was the then pending claim against Carden, which was itself nonsuited shortly before its scheduled trial date in June 1996. The present pending action is not "the case" referred to in Potomac's letter of December 1, 1995. More importantly, however, the Court concludes that the allegations of the pending motion for judgment set forth a new cause of action which was time barred as of December 28, 1994. "Where an amendment introduces a new cause of action and makes a new or different demand not introduced in the original motion for judgment, the amended action will not relate back to the beginning of the action so as to toll the statute of limitations. Instead, the amended action becomes the equivalent of a different suit, and the statute continues to run until the amendment is filed." *Vines, id.,* at 189.

For these reasons, the Plea of the Statute of Limitations is sustained.