## CIRCUIT COURT OF THE CITY OF NORFOLK

Regina A. Benson,
Administratrix, etc.

v.

Scott Lowe et al.

November 25, 1997

Case No. (Law) L97-2430

BY JUDGE MARC JACOBSON

This matter comes before the Court on the Motion to Reduce Ad Damnum (Motion) filed by Defendants Mervan Anderson, M.D., and Dr. Mervan Anderson, P.C. (Defendants), from $5,000,000.00 to $1,000,000.00. Defendants, in their Motion, claim that because Virginia Code § 8.01-581.15 mandates that the total amount recoverable for any injury to, or death of, a patient shall not exceed $1,000,000.00, the *ad damnum* clause for compensatory damages against the Defendants set forth in the Motion should be reduced from $5,000,000.00 to $1,000,000.00. Counsel for Defendants further argued at the oral hearing on their Motion that, in effect, Virginia Code § 8.01-581.15 limits the recovery that the Plaintiff Regina A. Benson, Administratrix, etc. (Plaintiff) may orally, at the time of trial, seek or request from the jury.

The Court has reviewed and considered the oral arguments of counsel and written arguments and the applicable law and denies the Motion for the reasons hereinafter set forth.

Virginia Code § 8.01-581.15 states:

*In any verdict returned against a health care provider* in an action for malpractice where the act or acts of malpractice occurred on or after October 1, 1983, which is tried by a jury or in any judgment entered against a health care provider in such an action which is tried without a jury, *the total amount recoverable* for any injury to, or death of, a patient *shall not exceed one million dollars.* [Emphasis added.]

The plain language of this section contemplates a jury reaching and announcing a decision before the recovery limitation of $1,000,000.00 is in effect. A condition precedent to the $1,000,000.00 limit is a verdict returned by a jury. The statute makes this distinction clear by limiting not the amount demanded, but rather "the total amount recoverable." Where a statute such as this section contains unambiguous language, the Virginia Supreme Court has enunciated the principle that full effect must be given to the words of the legislature:

While in the construction of statutes the constant endeavor of the courts is to ascertain and give effect to the intention of the legislature, that intention must be gathered from the words used, unless a literal construction would involve a manifest absurdity. Where the legislature has used words of a plain and definite import, the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.

*Abbott v. Willey*, 253 Va. 88, 91 (1997) (quoting *Barr v. Town & Country Properties*, 240 Va. 292, 295 (1990); *Watkins v. Hall*, 161 Va. 924, 930 (1934)).

In *Etheridge v. Medical Center Hospitals*, 237 Va. 87 (1989), the medical malpractice cap was challenged on several grounds. The plaintiff alleged the cap violated the Virginia jury trial guarantee. *Id.* at 95. Upholding the medical malpractice limit on recovery, the court reasoned that "[a] trial court applies the remedy's limitation [the cap on recovery] only *after* the jury has fulfilled its fact-finding function." *Id.* at 96 (emphasis in the original). This would appear to the Court to indicate the role of the jury in determining damages.

Defendants also argue and urge that it would be improper to permit Plaintiff's counsel to inform the jury the amount requested in the *ad damnum* or any amount in excess of $1,000,000.00, if the maximum that could be ultimately awarded pursuant to the section is $1,000,000.00.

Virginia Code § 8.01-379.1 states as follows:

*[n]otwithstanding any other provision of law, any party in any civil action may inform the jury of the amount of damages sought by the plaintiff* in the opening statement or closing argument, or both. *The plaintiff may request an amount which is less than the ad damnum in the motion for judgment.* [Emphasis added.]

Section 8.01-379.1 allows the plaintiff in *any* civil action to inform the jury of the amount of *damages sought,* not damages recovered nor damages recoverable. Section 8.01-379.1 applies notwithstanding the medical malpractice liability cap. Further, § 8.01-379.1 allows a plaintiff to plead an *ad damnum* clause larger than what the plaintiff, by way of oral argument, requests from a jury. Thus, even assuming *arguendo* that the language of the medical malpractice liability cap restricts the amount of the *ad damnum* clause, the language of § 8.01-379.1 would permit a plaintiff, notwithstanding this cap, to (1) plead an *ad damnum* larger than what the plaintiff ultimately requests, and (2) to tell the jury the amount of its *ad damnum* clause.

Defendants can seek an instruction from the court informing the jury that it is to consider only the evidence in determining damages. "Verdicts must be based upon the evidence in the case rather than the speculative calculations of counsel." *Reid v. Baumgardener,* 217 Va. 769, 772 (1977). "If counsel for the defendant feels that the rights of his client are likely to be prejudiced by the mention by opposing counsel of the amount sued for, he may ask to have the jury instructed that the mention of such amount is not evidence in the case and should not be considered by them in arriving at the amount, if any, of their award." *Phillips v. Fulghum,* 203 Va. 543, 547 (1962) (common law precursor to statute allowing the mention of the *ad damnum* clause by the plaintiff to the jury); *see also Bell v. Kirby,* 226 Va. 641, 645 (1984); *State Farm Ins. Co. v. Futrell,* 209 Va. 226 (1968).

For the reasons aforesaid, the Defendants' Motion to Reduce Ad Damnum is denied.