# CIRCUIT COURT OF THE CITY OF RICHMOND

Karen S. James

v.

Ashland Ford-Mercury, Inc.,
and Laurie L. Janus,
Administrator of the Estate of
John D. Filer,
Deceased

Case No. LE-14-3

Samuel L. James

v.

Ashland Ford-Mercury, Inc.,
and Laurie L. Janus,
Administrator of the Estate of
John D. Filer,
Deceased

Case No. LE-15-3

July 31, 1998

BY JUDGE T. J. MARKOW

These cases are before the court on the defendants' pleas of statute of limitations to Count III of the Motions for Judgment in Case Numbers LE-14-3 and LE-15-3. The defendants also cite pleading deficiencies in Count IV. The plaintiffs are Karen S. James and Samuel L. James, respectively. The defendants in both cases are Ashland Ford-Mercury, Inc. ("Ashland") and

Laurie L. Janus, administrator of the estate of John D. Filer, deceased. The plaintiffs were injured in a February 18, 1995, automobile accident allegedly caused by Filer's negligent operation of a company-owned motor vehicle while he was acting in the scope of his employment with Ashland Ford-Mercury, Inc.

The original Motions for Judgment were filed on February 14, 1997. (Case Nos. LC-451 and LC-452.) The pleadings included claims for negligence by Filer (Count I) and, as a result of Filer's actions allegedly taken within the scope of his employment, a claim for *respondeat superior* liability of Ashland (Count II). A Motion for Leave to Amend to include claims for negligent entrustment and punitive damages was filed on September 29, 1997. The Motion was denied by Judge Randall G. Johnson at the hearing on October 21, 1997. His rationale was reiterated in a letter opinion dated November 13, 1997, which stated that amendments would not be permitted so near to the trial date (then set for November 24, 1997). While Judge Johnson did not discuss the statute of limitations question at issue here, he did bar the plaintiffs from introducing evidence on the issues of negligent entrustment and punitive damages as they were not pleaded. As no leave to amend was granted, proof of these two claims was similarly barred at trial.

The plaintiffs took a voluntary nonsuit on November 19, 1997, and filed the present actions on January 6, 1998. Counts I and II of the present Motion for Judgment are identical to the original pleadings. In addition, Count III alleges negligent entrustment, i.e., Ashland knew or should have known that Filer was an unfit driver at the time that it expressly or impliedly permitted him to drive the vehicle involved in the accident. Count IV contends that Ashland's conduct in entrusting Filer with the vehicle constitutes wanton conduct and conscious disregard for the rights of others, thereby entitling the plaintiffs to punitive damages.

Va. Code § 8.01-243(A) bars any cause of action for personal injuries not asserted within two years of the date on which the cause of action arose. The cause of action arose on February 18, 1995. The initial suits were filed on February 14, 1997. These cases were nonsuited on November 19, 1997, and the new pleadings were filed on January 6, 1998, pursuant to Va. Code § 8.01-229(E)(3). The defendants argue that Count III of the current Motions for Judgment should be dismissed because the statute of limitations on such claims expired prior to the filing of both the Motions for Judgment in the current matters and the Motions for Leave to Amend in the original suits. Further, the defendants contend that neither the nonsuit nor the tolling provisions permit the court to hear the allegations of Count III. *See* Va. Code §§ 8.01-380 and 8.01-229(E)(3).

274

Count III of the Motion for Judgment is time-barred by § 8.01-243(A). It was not first asserted until September 29, 1997, more than two years after the date on which the cause of action arose, February 18, 1995. However, the plaintiffs argue that the proposed amendments (Counts III and IV here) should "relate back" to the date of the original pleadings in this matter. The Code provision on "relation back" states:

> an amendment of a pleading changing or adding a claim … against a party relates back to the date of the original pleadings for purposes of the statute of limitations if the court finds (i) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, (ii) the amended party was reasonably diligent in asserting the amended claim … and (iii) parties opposing the amendment will not be substantially prejudiced in litigating on the merits as a result of the timing of the amendment.

Va. Code § 8.01-6.1 (effective July 1, 1996).

Generally, statutes should be construed prospectively unless there is clear legislative intent to permit retroactive application. *See Harbour Gate Owners' Ass'n, Inc. v. Berg*, 232 Va. 98, 103 (1986). The General Assembly has made no such implied or express declaration in the text or notes to § 8.01-6.1. However, the plaintiffs argue that § 8.01-1 permits retrospective application of § 8.01-6.1 because the statute of limitations period is "procedural" in nature. Section 8.01-1 provides:

> all provisions of this title shall apply to causes of action which arose prior to the effective date of any such provisions; *provided, however*, that the applicable law *in effect on the day before the effective date* of the particular provisions shall apply if in the opinion of the court any particular provision (i) may materially change the *substantive* rights of the party (as distinguished from the procedural aspects of the remedy) or (ii) may cause the miscarriage of justice.

Va. Code § 8.01-1 (emphasis added). Here, amendment of pleadings to add a claim was not legally permissible *until* the effective date of § 8.01-6.1; no prior law existed or applied on the "day before the effective date." A statute which affects a limitations period which has not yet expired must be viewed as *procedural* in nature and may be applied retroactively. *Compare Starnes v. Cayouette*, 244 Va. 202, 211 (1992) (expired statute of limitation is a valuable property interest and substantive in nature) *with Nunnally v. Artis*, 254 Va.

247, 254-55 (1997) (defendants acquired no vested right in an unexpired statute of limitations; limitations period is procedural in nature). Here, the original pleadings were filed four days *prior to* the expiration of the statute of limitations. The period will be considered "procedural" for the sole purpose of applying § 8.01-6.1 retroactively.

The claim for negligent entrustment does *not* "arise out of" the negligent conduct set forth in the original pleadings. *See* Va. Code § 8.01-6.1(i). The 1996 Motions for Judgment allege negligence by Filer and Ashland's resulting liability under *respondeat superior*. There was no mention of any negligent acts committed by Ashland itself. Count III of the current Motions for Judgment alleges an entirely separate tort from the contentions of Counts I and II — negligent entrustment of a company-owned vehicle to an unfit driver, which was the proximate cause of the plaintiffs' injuries. Ashland's allegedly tortious conduct does not "arise out of" Filer's negligence as alleged in the original complaint; the current allegations of negligent entrustment by Ashland are separate and distinct from the repeated allegations of Filer's negligent operation of the motor vehicle. Several circuit courts have addressed this issue and reached the same conclusion. *See, e.g., Fauntleroy v. Carden*, 42 Va. Cir. 421 (Westmoreland Co. 1997)(statute of limitations is not tolled by a nonsuited action that did not allege the same cause of action; same evidence would not support both causes of action); *Ely v. Shirley's Barbecue, Inc.*, 30 Va. Cir. 302 (Roanoke 1993) (when a new action is filed and new claims are pleaded that were not alleged in a previous action that was nonsuited, the statute of limitations is not tolled by § 8.01-229(E)(3) as to the new claims).

Further, the amending parties, Karen S. James and Samuel L. James, were not reasonably diligent in asserting the amended claim. *See* Va. Code § 8.01-6.1(ii). The plaintiffs argue that Ashland's failure to provide timely and complete discovery responses until June 3, 1997, led to their late discovery of the facts relevant to Filer's driving record. Nonetheless, the plaintiffs independently obtained the decedent's driving records from Virginia and North Carolina (revealing multiple alcohol-related convictions), interviewed the State Trooper who responded to the scene of the accident (revealing the presence of alcohol in Filer's vehicle), and obtained the Medical Examiner's report (confirming Filer's intoxication at the time of the accident). All of this information was obtained in late August through mid-September 1997, a full six to seven months after the original Motions for Judgment were filed and more than two and one half years after the accident occurred. There is nothing to suggest that an earlier effort at determining this information would have been unsuccessful.

Finally, as implied by Judge Johnson's letter opinion in the nonsuited case, the defendants would have been substantially prejudiced in litigating the merits of Counts III and IV of the amended complaint as a result of the late timing of the amendments. *See* Va. Code § 8.01-6.1(iii).

The defendants also argue that §§ 8.01-380(A) and 8.01-229(E)(3) are irrelevant to extending the limitations period for filing the claims asserted in Counts III and IV. The plaintiff did not suffer a nonsuit as to the negligent entrustment claim; Judge Johnson denied the Motion for Leave to Amend and granted the nonsuit as to the claims for negligent and *respondeat superior only*. The extension granted by § 8.01-229(E)(3) is inapplicable to claims never added to the nonsuited Motions for Judgment.

The defendants also object to Count IV ("Punitive Damages"), stating (a) that the plaintiffs may not rely on new factual allegations underlying Count III, which is time-barred, and that (b) none of the allegations contained in the original Motions for Judgment would support a claim for punitive damages, either. The court will treat this argument as a demurrer to the pleadings. In any event, in the absence of Count III ("Negligent Entrustment"), there is no basis for permitting the plaintiffs to seek punitive damages. The remaining counts in the Motions for Judgment "do not state facts upon which the relief demanded can be granted." Va. Code § 8.01-273. The demurrer is sustained.

It is therefore ordered that the special pleas and demurrers are sustained, and Counts III and IV are dismissed from both cases.