## CIRCUIT COURT OF THE CITY OF NORFOLK

Phillip A. Conant

v.

Reid H. Ervin
and Reid H. Ervin, P.C.

April 21, 2003

Case No. (Law) L01-2654

BY JUDGE CHARLES D. GRIFFITH, JR.

On January 1, 1995, the Plaintiff was involved in a motor vehicle collision with Deborah A. Velazquez. The Plaintiff claimed personal injuries as a result of the collision. At the time of the accident Deborah A. Velazquez was employed by Domino's Pizza, Inc.

On or about February 9, 1996, the Plaintiff retained the Defendants Reid H. Ervin and Reid H. Ervin, P.C., to represent him in a lawsuit as a result of the motor vehicle collision that occurred on January 1, 1995. On behalf of the Plaintiff, the Defendants filed a lawsuit against Deborah A. Velazquez and Morrow Enterprises, t/a Domino's Pizza. Domino's Pizza, Inc., was not named as a Defendant in the Plaintiff's personal injury lawsuit until after the statute of limitations for the personal injury action expired. Accordingly, in the underlying personal injury action the trial court dismissed Domino's Pizza, Inc., from the lawsuit after they filed a Special Plea in Bar asserting the statute of limitations. After Domino's Pizza, Inc., was dismissed from the lawsuit, Plaintiff terminated the Defendant's representation and retained new counsel. Thereafter, the Plaintiff prosecuted the personal injury action on April 12, 2002, proceeding against Ms. Velazquez only. After hearing evidence regarding the accident and the Plaintiff's injuries, the trial court entered judgment in favor of the Plaintiff in the amount of $1,100,000.00.

476

On October 22, 2002, the Plaintiff filed suit against the Defendants, alleging legal malpractice in the representation of the Plaintiff for his personal injury action. The Plaintiff claims that the Defendants failed to name a proper party to the personal injury action, to wit: Domino's Pizza, Inc., within the applicable statute of limitations. As a result, the judgment obtained by the Plaintiff in the underlying personal injury action was against Velazquez only, thereby precluding the Plaintiff from attempting to collect any portion of the $1,100,000.00 verdict from Domino's Pizza, Inc. In the personal injury action, the Plaintiff's theory of recovery from Domino's Pizza, Inc., would have been vicarious liability resulting from an alleged agency relationship with Velazquez at the time of the automobile collision that occurred on January 1, 1995. The Plaintiff has alleged sufficient facts to support the legal malpractice claim against the Defendants.

On October 7, 2002, the Defendants propounded Interrogatories and Requests for Production of Documents to the Plaintiff. Thereafter, the Plaintiff objected to Interrogatory # 2 and Request for Production # 1. The requests are as follows:

> Interrogatory # 2: Identify any person who you claim has knowledge of any of the matters alleged in your Motion for Judgment or any of the facts relevant to the subject matter of this action, regardless of whether you intend to use that person as a witness.

> Request for Production # 1: Any and all bills, statements, invoices, and receipts evidencing any and all expenses in connection with the occurrence giving rise to this litigation.

The Defendants have filed a Motion to Compel the Plaintiff to respond to Interrogatory # 2 and Request for Production # 1 and have also filed a Motion to Overrule the Plaintiff's Objection to responding to Interrogatory # 2 and Request for Production # 1. In its Motion to Overrule Plaintiff's Objections, the Defendants argue that the Judgment Order rendered in the personal injury action by the Plaintiff against Deborah A. Velazquez is not binding on the Defendants under the Doctrine of *res judicata* or collateral estoppel and that the personal injury action Judgment Order is not otherwise admissible in this proceeding.

The Defendants contend that they are entitled to re-litigate damages from the Plaintiff's personal injury trial because the Defendants were not privy to that litigation. Logic would dictate that the Defendants were not privy to the

personal injury litigation as they were not appropriate parties to that litigation. Consequently, the Defendants do not specifically stand in the shoes of the parties to the underlying litigation simply because the Plaintiff is now suing the Defendants for legal malpractice.

In a legal malpractice claim, a Plaintiff must prove three essential things in order to recover. The Plaintiff must prove that the attorney was employed by the Plaintiff, that the attorney neglected a reasonable duty, and that such negligence resulted in and was the proximate cause of a loss to the Plaintiff. *Allied Productions v. Duesterdick*, 217 Va. 763, 764-65 (1997); *Hendricks v. Daugherty*, 249 Va. 540, 544 (1995). "Damages resulting from the negligence of an attorney are not presumed." *Duval, Blackburn, Hale and Downey v. Siddiqui*, 243 Va. 494, 497 (1992). The plaintiff must present facts that support the damages claimed. *Duval*, 243 Va. at 497.

The Supreme Court of Virginia, endorsing the rule followed in a majority of jurisdictions, notes that, "there is no single formula for measuring damages in attorney malpractice cases. In large part, the appropriate measure of damages must be determined by the facts and circumstances of each case." *Duval*, 243 Va. at 498. Thus, the fact-finder must determine, based upon the allegations of the Plaintiff, whether the Defendants are entitled to re-litigate the Plaintiff's damages in the personal injury action. In this case, the Court concludes that the Plaintiff does not have to re-litigate damages established at the trial of the personal injury action.

Liability, if any, as to Domino's Pizza, Inc., against whom the Plaintiff was allegedly precluded from proceeding in the underlying personal injury action, resulted from a claim of agency or vicarious liability. The Plaintiff would have been required to prove such a relationship to Velazquez at the personal injury trial. The damages relating to the actual personal injuries suffered by the Plaintiff were not specifically relevant to the legal liability of Domino's Pizza, Inc. Therefore, in this action, as in all legal malpractice actions, the Plaintiff must establish that: (1) a relationship existed between the parties in this action that gave rise to a duty, (2) that the Defendants neglected or breached the duty, and (3) that the neglect or breach was a proximate cause of the loss to the Plaintiff. *Hendricks*, 249 Va. at 544; *Allied Productions*, 217 Va. at 764-65. The Plaintiff must further prove, in order to establish liability against Defendants, (1) the liability of Domino's Pizza, Inc., in the underlying personal injury action, (2) that a verdict would have been rendered against Domino's Pizza, Inc., and, (3) that the verdict against Domino's Pizza, Inc., would have been collectable.

To the extent that responding to Interrogatory # 1 seeks information relating to the specific personal injuries suffered by the Plaintiff, the

478

Defendants Motion to Compel is denied and their Motion to Overrule the Plaintiff's Objections is denied. However, the Court notes that the language of Interrogatory # 2 does not preclude a response of any kind from the Plaintiff. The Plaintiff should respond as appropriate as to what the Plaintiff's required proof must be in the action for negligence claiming legal malpractice. Insofar as the Defendant's Request for Production # 1 seeks medical bills, statements, invoices, and receipts relating to the personal injuries suffered by the Plaintiff, the Defendants' Motion to Compel is denied and the Defendants' Motion to Overrule the Plaintiff's Objections are denied. Again, however, to the extent that Request for Production # 1 seeks medical bills, statements, invoices, and receipts evidencing any and all expenses in connection with the claim by the Plaintiff that the Defendants' actions resulted in an uncollectible judgment against the Defendant, Domino's Pizza, Inc., the Plaintiff must respond. It is so ordered.