456

## CIRCUIT COURT OF LOUDOUN COUNTY

Elaine Spear

    v.

Metropolitan Washington
Airports Authority et al.

August 12, 2009

Case No. (Civil) 54807

BY JUDGE JAMES H. CHAMBLIN

    This case came before the Court on July 10, 2009, for argument on the following:
    (1) Plea in Bar and Motion to Dismiss filed by the Defendant, Air Serv Corporation, Inc. ("Air Serv"); and
    (2) Plea in Bar filed by the Defendant, Metropolitan Washington Airports Authority ("MWAA").
    After consideration of the arguments in various pleadings, the argument of counsel on July 10, 2009, and the brief in opposition filed by the Plaintiff, Elaine Spear, the Pleas in Bar and Motion to Dismiss are granted and sustained. The complaint is dismissed with prejudice as to Air Serv and MWAA.

*Procedural History of the Case*

    On April 24, 2007, Spear filed a Complaint in this Court against MWAA, Mastwal Sefferaw, United Airlines, Inc., Air Serv, and John Doe, alleging that she was injured while being transported in a wheelchair in a

mobile lounge at Washington Dulles International Airport on April 26, 2005, due to the negligence of United Airlines, Air Serv, Sefferaw, John Doe, and MWAA. She demanded judgment against all the defendants in the amount of $325,000.00.

Before any dispositive rulings or decisions were made by this Court, Spear suffered a nonsuit by order entered October 29, 2008.

On March 24, 2009, Spear filed the present Complaint against MWAA, Sefferaw, Air Serv, and John Doe, alleging again that she was injured on April 26, 2005, due to the negligence of each defendant. However, in the present complaint, she asks for judgment in the amount of $500,000.00.

On April 30, 2009, Air Serv filed its Plea in Bar and Motion to Dismiss based upon the statute of limitations and federal preemption.

On June 18, 2009, MWAA filed its Plea in Bar based on the same statute of limitations argument asserted by Air Serv.

*Analysis*

*Statute of Limitations Issue*

Air Serv and MWAA argue that Spear's claim is time barred under the two-year statute of limitations of Va. Code § 8.01-243(A) for personal injury because Spear did not "recommence" her action within the six-month period after the entry of the nonsuit order as required by Va. Code § 8.01-229(E)(3).

Va. Code § 8.01-229(E)(3) provides, in pertinent part, that "if a plaintiff suffers a voluntary nonsuit . . . the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . whichever period is longer."

The argument of Air Serv and MWAA is very simple. When Spear filed her complaint in this case after suffering the nonsuit in October 2008, she did not "recommence" her "action" as required by § 8.08-229(E)(3) because the present action with an *ad damnum* of $500,000.00 is not the same action as the nonsuited action with an *ad damnum* of $325,000.00. Spear argues that it is the same action because her claims are the same with only the amount of requested damages being different.

Considering the language of the nonsuit statute, Va. Code § 8.01-380, and the nonsuit tolling statute, Va. Code § 8.01-229(E)(3), I agree with Air Serv and MWAA.

The real issue, as it appears to me, is whether the amount of damages requested should be considered in determining whether the recommenced action is the same as the action that was nonsuited. I think it should be.

Under § 8.01-380(A), the action being nonsuited is the action then pending before the court when the nonsuit order was entered. *Dalloul v. Agbey*, 255 Va. 511, 514 (1998). Clearly, the action then pending was one for negligence against the named defendants requesting damages of $325,000.00. The amount sued for has just as much significance as the nature of the claim. A plaintiff cannot recover more than the amount requested in the *ad damnum*. The amount requested certainly affects how a defendant will defend a given claim. Motions to increase the *ad damnum* are routinely filed (as they must be) when a plaintiff has reason to believe that his or her damages may exceed the amount requested. Since 1988, Virginia has had a statute, § 8.01-379.1, that deals with informing a jury of the amount of damages sought by a plaintiff. For these reasons, the amount sued for is just as much a component of an action as the operative facts alleged and the claims made by a plaintiff.

Under the plain language of § 8.01-229(E)(3), the action that was nonsuited is the action that must be recommenced within the six-month period in order for the tolling provision to apply. Spear did not recommence the same action when she filed the present complaint on March 24, 2009. The tolling provisions of § 8.01-299(E)(3) do not apply. Hence, her claims are barred by the two-year statute of limitations for personal injury.

Spear has cited *Winchester Homes, Inc. v. Osmose Wood Preserving, Inc.*, 37 F.3d 1053 (4th Cir. 1994), which may, to some extent, support her position. In that case, the Fourth Circuit Court of Appeals construed § 8.01-380(A) to allow a plaintiff to suffer a nonsuit of an action as originally filed even though some of the claims asserted may have been dismissed with prejudice before the entry of the nonsuit order. However, the facts in *Winchester Homes* are not the same facts as in this case. I am of the opinion that our Supreme Court is correct in *Dalloul* in disagreeing with the holding in *Winchester Homes*.

Spear also cites *Conner v. Rose*, 252 Va. 57 (1996), which permitted a plaintiff who nonsuited an action in general district court to refile in circuit court requesting an amount that exceeded the jurisdictional amount of the general district court. I do not think that *Conner* is of any help to Spear. First, the refiled action in *Conner* included another claim not asserted in general district court. Second, the issue was whether, under § 8.01-380(A), as it was then written, the plaintiff could only refile the nonsuited action in general district court. Finally, the issue of an increased *ad damnum* upon refiling was not an issue addressed in *Conner*.

For the foregoing reasons, the Plea in Bar and Motion to Dismiss of Air Serv and the Plea in Bar of MWAA are granted and sustained. The complaint is dismissed with prejudice.

*Federal Preemption Issue*

Air Serv argues that Spear's negligence claim in state court is preempted by the federal Airline Deregulation Act ("ADA"). 49 U.S.C. § 41713(b)(1) (a part of the ADA) provides in pertinent part: "[A] State . . . may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to* a price, route, or *service of an air carrier* that may provide air transportation under this subpart." (Emphasis supplied.)

While I do not need to address this issue in light of my decision above on the statute of limitations issue, I make the following observations. First, nowhere in the present complaint does Spear allege that any "air carrier" provided any service to her. Second, if in fact the wheelchair was being provided to Spear by an air carrier at the time she was injured, then it would have to be established in the course of discovery or by an evidentiary hearing.