## CIRCUIT COURT OF THE CITY OF NORFOLK

Mildred A. Jackson,
Administrator
of the Estate of
Deloris Davis

v.

Amaresh Vanga et al.

August 24, 2012

Case No. (Civil) CL11-7278

By JUDGE KAREN J. BURRELL

This matter is before the Court upon the Defendants' special pleas and pleas in bar. At the conclusion of the hearing, this matter was taken under advisement and briefed by counsel. Upon consideration of the pleas, arguments presented, and applicable authority, the Court overrules the pleas of defendants Della Williams, M.D., and Bogdan Neughebauer, M.D., Ph. D., and sustains the pleas of defendants Bayview Physician Services, P.C. ("Bayview") and Sentara Medical Group ("Sentara") for the following reasons.

### Background

On August 25, 2009, Delores Davis (the "Decedent") filed her original complaint for personal injury allegedly committed by defendants Williams, Neughebauer, Amaresh Vanga, M.D., Anil N. Patel, M.D., and Sentara Healthcare, Inc., d/b/a Sentara Bayside Hospital (the "Hospital"). After the Decedent died on October 28, 2009, Mildred Annette Jackson, the administrator of the Decedent's estate (the "Plaintiff"), amended the complaint against these defendants on April 9, 2010. The Plaintiff then suffered a voluntary nonsuit on May 26, 2011.

On October 6, 2011, the Plaintiff refiled the suit. The refiled complaint (the "Complaint") asserts claims for personal injury and wrongful death against Vanga, Williams, Neughebauer, Michael Duncombe, M.D., Bayview, and Sentara (collectively the "Defendants"). Patel was not included in the refiled action. Bayview, Sentara, and Duncombe were added as defendants.

The Complaint alleges in Count I that the Defendants breached their duty of care by negligently causing injury to the Decedent during her hospitalization on August 30, 2007. (Compl. ¶ 5.) In Count II, the Plaintiff alleges that the Decedent died as a result of the Defendants' negligence on October 28, 2009. (Compl ¶ 8.) The Plaintiff prayed for relief in the amount of $3,000,000. (Compl. ¶ 4.) The Defendants, except Duncombe and Vanga, filed special pleas in bar. After the parties had presented oral arguments, the Court instructed them to prepare written briefs in support of their respective positions.

The Defendants have raised two major arguments that the Court must address. First, Williams and Neughebauer raise the question of whether changing the *ad damnum* creates a new cause of action that would deny the Plaintiff the six-month extension on the statutory limitations period after suffering a voluntary nonsuit to refile its survival and wrongful death claims against them. Second, Bayview and Sentara pose the question of whether the Plaintiff's claims against them are barred by the statute of limitations due to the timing of the Plaintiff's filing of suit against them.

## Standard of Review for Special Pleas

"[A] plea in bar presents a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party has the burden of proof on that issue." *Hilton v. Martin*, 275 Va. 176, 179-80 (2008). If the parties fail to introduce evidence, the trial court must rely solely on the pleadings in considering the plea in bar. *See Schmidt v. Household Fin. Corp., II*, 276 Va. 108, 112 (2008). The trial court must also deem true the facts as stated in the plaintiff's pleadings. *See Lostrangio v. Laingford*, 261 Va. 495, 497 (2001). The facts as alleged are not challenged with regard to the plea in bar. In considering the motions, the Court accepts as true the facts as alleged in the complaint and any reasonable inferences that can be made therefrom.

## Discussion

### A. *Changing the Ad Damnum Does Not Change the Cause of Action*

Defendants Williams and Neughebauer, both of whom were part of the original action brought by the Decedent, argue that the Plaintiff has failed to refile the current action within the statute of limitations. They argue

that the Plaintiff did not refile the same cause of action as required under § 8.01-229(E)(3) because the second suit's ad damnum was higher than what was requested in the first suit. This position does not comport with the applicable statutes nor recent Virginia case law.

Section 8.01-380 of the Code of Virginia allows a plaintiff to take a voluntary nonsuit "as to any cause of action or claim" once as a matter of right. Virginia Code § 8.01-229(E)(3) extends the statute of limitations "with respect to such *action*" up to a minimum of six months from the "date of the order entered by the court." (Emphasis added.)

In *O'Hearn v. Mawyer*, the Circuit Court of Rockingham County addressed the issue of whether changing the ad damnum after suffering a voluntary nonsuit pursuant to § 8.01-380 results in a new "cause of action" not entitled to the six-month extension of the limitations period in § 8.01-229(E)(3). *O'Hearn v. Mawyer*, 80 Va. Cir. 11, 11-12 (2010). In that case, the defendant, like Williams and Neughebauer in this case, argued that *Spear v. Metropolitan Airports Authority*, 78 Va. Cir. 456 (2009), teaches the principle that refiling the case with a different ad damnum changes the "cause of action," thereby denying the plaintiff the benefit of the six-month extension, in which to refile the case, granted by § 8.01-229(E)(3). *Id.* at 12. However, the court in *O'Hearn*, in declining to follow *Spear*, aptly acknowledged the existence of a split in circuit court authority in Virginia and discussed the different tests used by various courts to determine whether a refiled action is the same "cause of action." *Id.* at 12-13. As the *O'Hearn* court discussed:

> The Fourth Circuit Court of Appeals has also ruled that Va. Code § 8.01-229(E)(3) will "save all rights of action arising from that [original] cause of action." *Hatfill v. The New York Times*, 416 F.3d 320, 335 (4th Cir. 2005). *Hatfill* observed that Va. Code § 8.01-380 "authorizes a plaintiff to take a nonsuit on any 'cause of action' and the Virginia Supreme Court defines a 'cause of action' as a set of operative facts which, under the substantive law, may give rise to one or more rights of action." *Id.* Reading § 8.01-380 next to § 8.01-229(E)(3), this Court also finds that the proper inquiry as to whether a new claim is saved is whether it is part of the same set of operative facts that may give rise to a right of action. While the savings statute does use the word "action," reading that word strictly would render moot the nonsuit statute's authorization for a plaintiff to nonsuit a "cause of action."

*Id.* at 13. As a result, the court ultimately held that, "[b]ecause the new action is part of the same set of operative facts . . . it will be saved by the six-month provision of § 8.01-229(E)(3)," despite having an augmented ad

damnum. *Id.* at 13; *see also Vaughan v. First Liberty Ins. Corp.*, 2009 U.S. Dist. LEXIS 108045 (E.D. Va. Nov. 13, 2009) (stating that, "[w]hen there are two separate rights of action stemming from one cause of action," the "rights of action may request a variety of remedies," and that "[t]he fact that [a later] action seeks 'different remedies' " than an earlier action "is of no moment to the analysis [because the] endgame is the same.").

The holding in *O'Hearn* seems to best reflect the language of § 8.01-380, which gives a plaintiff the right to suffer a nonsuit "as to any *cause of action* or claim." In correctly pointing out that the Virginia Supreme Court has defined "cause of action" to be "a set of operative facts which, under the substantive law, may give rise to one or more rights of action," *Roller v. Basic Constr. Co.*, 238 Va. 321 (1989), the *O'Hearn* court seems to give an appropriate scope to what constitutes a "cause of action" for § 8.01-229(F)(3) purposes. *Accord Conner v. Rose*, 352 Va. 57, 58 (1996) (stating that a plaintiff who had previously "nonsuited her action" merely "refiled her action" at a later date, despite the plaintiff's having increased her ad damnum).

Given the persuasive and on point analysis of the *O'Hearn* court, this Court holds that changing the ad damnum does not convert the original cause of action into a new cause of action that would prevent the Plaintiff from availing itself of the extensions that § 8.01-229(E)(3) provides because the new action is still based on the same underlying "set of operative facts" that "give rise to one or more rights of action."

In the case at bar, the Decedent, as stated by the Complaint, was injured, at the earliest, on August 30, 2007. The Decedent then properly brought an action for personal injury against Williams and Neughebauer on August 25, 2009, within the two-year limit required by § 8.01-243. After the Decedent's death, the Plaintiff properly amended the complaint against Williams and Neughebauer to include a wrongful death action pursuant to § 8.01-56. After suffering a voluntary nonsuit on May 26, 2011, the Plaintiff brought the second action against Williams and Neughebauer on October 6, 2011, which is within the six-month tolling period specified in § 8.01-229(E)(3). Because the increased ad damnum in the refiled action did not convert the suit into a new cause of action as set forth in § 8.01-229(E)(3), the Plaintiff was entitled to the six-month tolling of the statute of limitations. As the Plaintiff did actually refile within that six-month period, the Court overrules Williams' and Neughebauer's respective special pleas.

## B. *The Actions Against Sentara and Bayview Are Barred by the Statute of Limitations*

In Virginia, a claim for wrongful death can be born in one of two ways. In cases where a decedent brings a claim for personal injury against a target defendant while the decedent is alive, but the decedent later dies as

a result of the injury complained of, the decedent's personal injury action automatically "transform[s] into a wrongful death action" at the moment of her death by operation of Virginia Code § 8.01-56. *Personal Injury Law in Virginia* § 15.1 (2011), *citing*, Va. Code § 8.01-56 (mandating that, in such situations, "a motion for judgment and other pleadings *shall be amended* so as to conform to an action under § 8.01-50," Virginia's wrongful death statute, "and the case proceeded with as if the action had been brought under such section" (emphasis added)). Alternatively, when "a person entitled to bring an action for personal injury" against a target defendant "dies as a result of such injury with no such action pending . . . then an action under § 8.01-50 may be commenced." Va. Code § 8.01-244. Put differently, dying with a live claim for personal injuries entitles a decedent's estate to swap the decedent's personal injury claim for a wrongful death claim when the injuries originally complained of caused the decedent's death. For the decedent's personal injury claim to be live at the time of her death, however, and not barred by the statute of limitations, the decedent must have died within two years of her having incurred the injury complained of Va. Code §§ 8.01-230, 8.01-243 (mandating a two-year statute of limitations for personal injuries). One must conclude that the legislature intended the phrase "an action for personal injury" to mean an action for personal injury against the defendant seeking to assert the statute of limitations in the case at bar. To interpret the statute in any other way would be to contradict settled case law by allowing the filing of a personal injury claim against any co-defendant to toll the statute of limitations for all co-defendants. *See. e.g., Hughes v. Doe*, 273 Va. 45 (2007) (permitting the filing of a personal injury action to toll the statute of limitations for a hospital but not its employee doctor). In either scenario, the decedent's personal representative must assert the newly born claim for wrongful death within two years of her decedent's death. Va. Code § 8.01-244(B) ("*Every* action under § 8.01-50 *shall be brought* . . . within two years after the death of the injured person." (emphasis added)); *Harmon v. Sadjadi*, 273 Va. 184, 188, n. 2 (2007) (citing *Horn v. Abernathy*, 231 Va. 228, 237-38 (1986)), for the proposition that Va. Code § 8.01-244 alone governs tolling of the statute of limitations for wrongful death actions).

In the instant case, the Decedent did not initiate a personal injury suit against Bayview and Sentara (collectively, the "Groups") prior to her death. As such, the only means by which the Plaintiff can now assert a claim for wrongful death against the Groups on the Decedent's behalf would be to show that (1) the Decedent was entitled to sue the Groups for personal injury at the time of the Decedent's death, (2) the Decedent died as a result of the personal injuries for which the Groups are liable, and (3) the Plaintiff sued the Groups for wrongful death within two years of the Decedent's death. Va. Code § 8.01-244. The Plaintiff is unable to make the first required showing,

because the Decedent was not entitled to sue the Groups for personal injury at the time of her death.

Again, the statute of limitations for personal injury claims in Virginia is two years from the date the relevant injury was sustained. Va. Code §§ 8.01-230, 8.01-243. One is not permitted to sue a party for personal injury once this two-year window has closed, absent some event that tolls the statute of limitations. *Laws v. McIlroy*, 283 Va. 594, 599 (2012). The Decedent sustained her injury on September 15, 2007, at the latest. (Bayview's Pl. in Bar ¶ I.) This means that to have filed within the statute of limitations, the Decedent would have had to have sued the Groups on or before September 15, 2009, absent some tolling event. The *Decedent* failed to sue the Groups by September 15, 2009,[1] and no event occurred to toll the running of the two-year statute of limitations on her claim. Thus, due to operation of the statute of limitations, the Decedent was not entitled to sue the Groups at the time of her death on October 28, 2009. Per Code § 8.01-244, this means that the Plaintiff may not now sue the Groups for wrongful death on the Decedent's behalf. *See Miller v. United States*, 932 F.2d 301, 303 (1991) (citing *Lawrence v. Craven Tire Co.*, 210 Va. 138, 169 S.E.2d 440, 441 (1969)).

The Plaintiff contends that a tolling event did take place prior to September 15, 2009, specifically the Decedent's August 26, 2009, assertion of personal injury claims against two of the Group's servants. (Pl.'s Br. in Opp. 3.) The assertion of a claim against a servant, however, is not enough to toll the statute of limitations as to the servant's master. In the case of *Hughes v. Doe*, the plaintiff timely filed suit against a master, but not the master's servant. 273 Va. at 47. The court sustained the servant's special plea in bar after she asserted the statute of limitations and dismissed the servant from the suit. *Id.* It was thus clearly the court's position that a suit against the master does not toll the statute of limitations for his servant. This being so, it stands to reason that suing the servant should not toll the statute of limitations for his master.

Such was the conclusion reached in the case of *Conant v. Ervin*, 61 Va. Cir. 475 (2003). There, the court referenced the earlier case of *Conant v. Velazquez*, in which the plaintiff's attorney filed suit against a servant for personal injury within the statute of limitations, but failed to file suit against the servant's master before the statute of limitations had run. Because of the attorney's untimely filing, "the trial court dismissed [the master] from the lawsuit after [the master] filed a special Plea in Bar asserting the statute of limitations." *Id.* The *Ervin* court noted the *Velazquez* court's action with approval, and stated that the plaintiff's attorney may have committed malpractice by failing to sue the master within the applicable time frame. *Id.* at 476.

---

[1] Jackson sued the groups on Davis's behalf on October 6, 2011.

For the foregoing reasons, the Decedent was not entitled to sue the Groups at the time of her death, due to the lapse of the statute of limitations for her personal injury claim. As such, pursuant to § 8.01-244, the Plaintiff may not now sue the Groups for wrongful death on the Decedent's behalf. The Court accordingly sustains the Groups' pleas.

## Conclusion

Special pleas were made relating to the personal injury and wrongful death claims asserted against Williams, Neughebauer, Bayview, and Sentara.

After the Decedent initially brought a personal injury action against Williams within the limitations period, the Plaintiff amended the complaint against Williams in a timely manner to include a wrongful death claim, properly suffered a voluntary nonsuit, and then refiled the action against Williams within the six-month limit provided by § 8.01-229(E)(3). Williams incorrectly states that the higher ad damnum in the refiled suit constitutes a "new action" that would not benefit from the six-month tolling provision. For these reasons, the Court overrules Williams' special plea as to both claims and overrules Neughebauer's special plea as to both claims for the same reasons.

The Court sustains Bayview's special plea as to both claims and dismisses these claims with prejudice because Bayview correctly argued that the Plaintiff could not file a wrongful death action against it when the statute of limitations for the underlying personal injury claim had expired before the Decedent's death. Therefore, both the underlying personal injury claim and the wrongful death claims are time-barred and dismissed with prejudice. The Court sustains Sentara's special plea as to both claims and dismiss these claims with prejudice for the same reasons.