# Earl C. Mechtensimer

## v.

# Wesley Wilson, et al.

Record No. 921296

June 11, 1993

Present: All the Justices

*William V. Hoyle, Jr. (Jeffrey K. Yeats; Ronald F. Schmidt,* on briefs), for appellant.

*James F. Thornton, III (Jones, Blechman, Woltz & Kelly,* on brief), for appellees.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, we consider whether the trial court had jurisdiction to adjudicate an action in which the defendant filed responsive pleadings to an amended motion for judgment even though the plaintiff failed to obtain leave of court before filing the amended pleading.

On June 21, 1990, Dr. Earl C. Mechtensimer filed a motion for judgment against Wesley Wilson and others, alleging that they had committed certain tortious acts against him arising out of an employment relationship. This motion for judgment was not served on Wilson.

Mechtensimer filed an amended motion for judgment on May 31, 1991, without seeking leave of court as required by Rule 1:8. The amended motion was served on Wilson by posting. Wilson filed a grounds of defense and a motion for a bill of particulars in response to the amended motion. Subsequently, Wilson learned that the amended motion had been filed without leave of court and moved to quash service and dismiss the action on the ground that the court lacked jurisdiction because Mechtensimer failed to comply with Rule 1:8. The trial court granted Wilson's motion to dismiss, and we awarded Mechtensimer an appeal.

Mechtensimer argues that the trial court erred by dismissing the action because, even though leave of court was not obtained before filing the amended motion, Wilson had made a general appearance by filing his grounds of defense and motion for a bill of particulars. Wilson, however, argues that even though he filed responsive pleadings, the amended motion had no legal efficacy because it was filed without leave of court.

Rule 1:8 states:

No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice.

In granting leave to amend the court may make such provision for notice thereof and opportunity to make response as the court may deem reasonable and proper.

Applying the plain language of this rule, we hold that Mechtensimer's amended motion was without legal efficacy because he

failed to obtain leave of court to amend his original motion for judgment. Thus, the court did not acquire jurisdiction to adjudicate any causes of action alleged in the amended motion.

■ We find no merit in Mechtensimer's argument that Wilson waived any defects in process and service by filing responsive pleadings. It is true that we have followed the well-established rule that a defendant waives defects in process and service thereof by appearing in an action. *See Davis Bakery* v. *Dozier*, 139 Va. 628, 633, 124 S.E. 411, 412 (1924); *Atlantic & Danville R.R. Co.* v. *Peake*, 87 Va. 130, 140, 12 S.E. 348, 350 (1890). That principle, however, is not applicable here. Wilson does not challenge defects in the process or service thereof. Rather, Wilson challenges the jurisdiction of the trial court to adjudicate claims asserted in an amended motion for judgment filed without leave of court in violation of Rule 1:8. Wilson's pleadings responding to that motion cannot confer jurisdiction upon the trial court.

We will affirm the judgment of the trial court.

*Affirmed.*