## CIRCUIT COURT OF FAIRFAX COUNTY

Karen Roubik
and Lauren Roubik

v.

Jack White et al.

August 6, 1998

Case No. L 170876

BY JUDGE STANLEY P. KLEIN

This cause is before the Court on a demurrer filed by defendants Jack White and State Farm Insurance Co. (collectively "defendants"). Defendants assert that the Motion for Judgment ("MFJ") filed by plaintiffs Karen and Lauren Roubik is "invalid" because it was drafted and endorsed by Robert Roubik ("Roubik"), a non-lawyer. Karen Roubik and Lauren Roubik are the wife and daughter, respectively, of Robert Roubik. Plaintiffs concede the demurrer should be sustained as to defendant State Farm for reasons unrelated to the issue addressed in this opinion. For the reasons set forth below, the demurrer is sustained and the case is dismissed. Counsel stipulated at oral argument that the validity of the MFJ could be attacked on demurrer. Therefore, the issue of whether a demurrer is the appropriate pleading to contest the legal efficacy of the MFJ under the specific facts of this case need not be decided by the Court.

### I. *Background*

This case arises from an automobile accident which allegedly occurred on April 15, 1996, in the County of Fairfax. According to the allegations contained in the MFJ, plaintiffs were traveling on the Capital Beltway when their vehicle collided with that of defendant White, causing them serious

injuries. Roubik filed a Motion for Judgment on behalf of plaintiffs in this Court on April 15, 1998, exactly two years after the alleged incident. On July 10, 1998, defendants, by "special appearance," filed their demurrer, and a hearing was held on July 24th. The Court then took the matter under advisement.

## II. *Analysis*

Requirements for pleadings filed in the circuit courts are governed by the Rules of the Virginia Supreme Court. Pursuant to Rule 1:4(c), "[c]ounsel[1] or an unrepresented party who files a pleading shall sign it and state his address." Under Rule 1A:4, pleadings or other papers required to be served must be endorsed by a member of the Virginia State Bar, except where a party is representing himself. Failure to conform to this Rule renders the pleading or paper "invalid." *Id.*

Defendants argue that the MFJ in this case is invalid because it was not signed by a member of the Virginia State Bar as required under Rule 1A:4, nor was it endorsed by the parties representing themselves *pro se*, in contravention of Rule 1:4(c). Accordingly, defendants assert that, as the MFJ is legally ineffective, the case must be dismissed because the court lacks jurisdiction to adjudicate the matter.

Defendants further rely on the Virginia Court of Appeals' decision in *Rahbaran v. Rahbaran*, 26 Va. App. 195 (1997). In *Rahbaran*, the Court dismissed the appeal of one of the parties because that party had failed to comply with the provisions of Rule 1A:4 when she filed briefs which were not signed by a member of the Virginia State Bar. *Id.* According to defendants, of particular importance is that portion of the opinion which provides:

> Our Rules do not specifically address the effect on court proceedings of Rule 1A:4 and its declaration rendering "invalid" all papers required to be served which do not contain the signature of local counsel. It would nonetheless follow logically and from the clear language of the Rule that an "invalid" document is, necessarily, a legally ineffective predicate for a court proceeding.

---

[1] The word "counsel" is defined in Rule 1:5 to include "a partnership, a professional corporation or an association of members of the Virginia State Bar practicing under a firm name."

*Rahbaran*, 26 Va. App. at 203. Defendants assert that the decision in *Rahbaran* supports their position that the MFJ in the present case is invalid and therefore cannot constitute a legally cognizable basis to assert a claim against them.

Plaintiffs counter by arguing that Rules 1A:4 and 1:4(c) are not applicable under the facts of this case.[2] Because Rule 1A:4 is entitled "Foreign Attorneys," plaintiffs contend that it applies only to attorneys not licensed to practice in the Commonwealth. As that section does not specifically mention "non-lawyers," plaintiffs assert that it is not relevant and cannot be relied upon to dismiss the MFJ. With respect to Rule 1:4(c), plaintiffs again argue that its requirements do not apply to pleadings filed by non-lawyers on behalf of named parties. That Rule, according to plaintiffs, simply requires that pleadings filed by attorneys or unrepresented parties be signed by those individuals; it does not mandate that *all* pleadings be endorsed either by counsel or an unrepresented party.

Plaintiffs further contend that *Rahbaran* is inapposite to this case. Plaintiffs argue that *Rahbaran* was a domestic relations proceeding involving the equity powers of the court and that the case was decided in the context of procedures unique to the Court of Appeals.

Finally, plaintiffs contend that a dismissal of the present case would create a harsh injustice by depriving plaintiffs of their day in court through no fault of their own. If the case is dismissed, plaintiffs assert, Karen Roubik would be forever barred from instituting another lawsuit based on the expiration of the applicable statute of limitations.[3] Such a result, plaintiffs contend, must be weighed against strict adherence to the Rules of the Virginia Supreme Court. In support of their position, plaintiffs cite a Virginia Circuit Court case, *Crump Floor and Tile, Inc. v. Church Hill/Fairmont Building Co.*, 8 Va. Cir. 375 (1987), wherein the court ruled that in situations where the actions of a non-lawyer might severely prejudice the rights of innocent parties, courts should avoid strict compliance with legal precedent concerning the unauthorized practice of law and should instead make a determination based on promoting the interests of "substantial justice." *Id.* at 378. Plaintiffs similarly ask that this Court weigh the interests of justice in considering defendants' demurrer. In the alternative, plaintiffs request permission to amend the MFJ if the court decides

---

[2] Plaintiffs ultimately retained counsel after the MFJ had already been filed and in anticipation of the present motion.

[3] At oral argument, plaintiffs' counsel noted that the statute of limitations, as it applies to Lauren Roubik, will presumably not bar a claim by her because she is still a minor.

to sustain the demurrer, so that it may be appropriately drafted and endorsed by counsel. The Court respectfully disagrees with each of the plaintiffs' arguments.

The Rules of the Virginia Supreme Court are very clear concerning situations involving the unauthorized practice of law. Unauthorized Practice Rule ("UPR") 1-101(A) provides that "[a] non-lawyer, with or without compensation, shall not represent the interest of another before a tribunal, otherwise than in the presentation of facts, figures or factual conclusions, as distinguished from legal conclusions ... ." Consistent with this and other requirements articulated in the Unauthorized Practice Rules, the Virginia Supreme Court has set forth strict procedures regarding the filing of pleadings in an effort to protect the rights of litigants and to assure the efficient administration of justice in the Commonwealth's courts. Rules 1A:4 and 1:4(c) mandate that pleadings filed in Virginia courts contain the signature of a member of the Virginia State Bar, unless a party endorses the pleading *pro se*.

The Court rejects plaintiffs' contention that Rule 1A:4 applies only to foreign attorneys. Although the title of that section could be read to support plaintiffs' position, the Court declines to restrict its applicability to cases involving attorneys from other jurisdictions. Under plaintiffs' proposed interpretation, an attorney who is admitted to practice in 49 other states could not file a pleading without the signature of local counsel; whereas a non-lawyer would not be subject to the same restriction. Rule 1:4(c)'s requirement that all pleadings be endorsed either by counsel or an unrepresented party must be read in conjunction with Rule 1A:4. In the present case, neither counsel nor the plaintiffs signed the MFJ. This Court holds that the MFJ is invalid under the Rules of the Virginia Supreme Court, and, consistent with the *Rahbaran* decision, the invalid MFJ constitutes a "legally ineffective predicate for a court proceeding." *Rahbaran*, 26 Va. App. at 203. Accordingly, the Court is precluded from adjudicating this action. *See also, Mechtensimer v. Wilson*, 246 Va. 121, 122-23 (1993) (trial court did not retain jurisdiction to adjudicate any causes of action alleged in plaintiff's amended motion for judgment where the plaintiff was never granted leave to file the amended motion for judgment, therefore rendering the pleading "without legal efficacy").

Finally, the Court cannot accept plaintiffs' argument that the interests of substantial justice in this case outweigh strict adherence to the Rules. Plaintiffs decided to file this case, seemingly without the assistance of counsel, on the very day that the applicable statute of limitations would expire on the claim of Karen Roubik. They assume the burden of the consequences of that choice. The Virginia Supreme Court and Court of Appeals have established, through

Rules and case law, specific safeguards against the unauthorized practice of law. This Court declines to ignore that precedent.

Furthermore, leave to amend should not be permitted under these circumstances. Pursuant to Rule 1:8, leave to amend should be "liberally granted in furtherance of the ends of justice." *Kole v. City of Chesapeake*, 247 Va. 51, 57 (1994). However, a court should not grant leave to amend where to do so would permit plaintiff to assert a "new right and a new remedy to enforce it." *Neff v. Garrard*, 216 Va. 496, 498 (1975). In *Neff*, the plaintiff sought leave from the trial court to amend his original bill of complaint and asked that the amended bill be considered as having been filed on the date of the original complaint in order to comply with the applicable statute of limitations. *Id.* at 496-97. The chancellor denied plaintiff's request. *Id.* On appeal, the Supreme Court affirmed the chancellor's decision because plaintiff was not merely attempting to vary or expand the original cause of action but instead sought to introduce "a new or different demand." *Id.* at 498. In the present case, plaintiffs seek to do more than just vary or expand the original claim in their proposed amended MFJ. Instead, they are asking the court to create a viable cause of action by allowing an amendment to an invalid pleading to "relate back" to the original filing date, thereby avoiding the consequences of the applicable statute of limitations. (*Cf., Vines v. Branch*, 244 Va. 185, 189 (1992) ("Where an amendment introduces a new cause of action and makes a new or different demand not introduced in the original motion for judgment, the amended action will not relate back to the beginning of the action so as to toll the statute of limitations.")) Rule 1:8 does not authorize such an amendment.

For the reasons set forth herein, the defendants' demurrer is sustained, and the case is dismissed.