# CIRCUIT COURT OF THE CITY OF LYNCHBURG

Willard Francis Donovan

v.

Edwin Carter Bomar, Jr.

June 21, 2000

BY JUDGE MOSBY G. PERROW, III

The parties are before the Court on a defense motion to dismiss a personal injury action on the ground that the action was not brought against the proper party within the two-year statute of limitations, Va. Code § 8.01-242(A). The cause of action alleged arises out of a collision that occurred April 2, 1996, between a truck operated by the plaintiff, Willard Francis Donovan, and a truck operated by Edwin Carter Bomar, Jr. The motion for judgment filed March 23, 1998, named Edwin Carter Bomar, Sr., as defendant, and an amended motion for judgment filed March 10, 1999, named Edwin Carter Bomar, Jr., as defendant.

The defense maintains that the amended motion for judgment is barred by the two-year statute of limitations applicable to personal injury actions since the amendment brings in a new party, Edwin Carter Bomar, Jr., more than two years after the cause of action accrued and the provisions of § 8.01-6 do not apply. The plaintiff maintains that the naming of the elder Bomar in the original motion for judgment is at best legally irrelevant and at worst a misnomer properly corrected under § 8.01-6.

The Court finds as fact and law (1) that the motion for judgment was timely filed and tolled the statute of limitations with respect to the cause of action alleged (Virginia Code § 8.01-230 and § 8.01-243(A)); (2) that the address provided in the caption of the motion for judgment in compliance with Rule 3:3 of the Rules of the Supreme Court of Virginia and Virginia Code § 8.01-290 was the correct address for Edwin Carter Bomar, Jr.; (3) that the

motion for judgment was personally served upon Edwin Carter Bomar, Jr., within one year of the date it was filed as permitted by Rule 3:3 *supra*; (4) that the factual allegations contained in the motion for judgment described an accident in which the younger Bomar admittedly was involved; (5) that through inadvertence, the plaintiff made a mistake in name, but not in person, when adding the suffix "Sr." rather than the suffix "Jr." after the defendant's given names and surname, *compare, Swan v. Marks*, 252 Va. 181 (1996), and *Rockwell v. Almond, Adm'r*, 211 Va. 560 (1971), *with Jacobson v. Southern Biscuit Co.*, 198 Va. 813 (1957); (6) that the proper party is before the Court although under the wrong name (*Jacobson, supra*, at p. 817); and (7) that such a misnomer may be corrected on motion and affidavit of the right name under Virginia Code § 8.01-6.

The plaintiff filed an affidavit of the right name on March 23, 1999, simultaneously with the filing of the amended motion for judgment. Although the amended motion for judgment was filed "for the purpose of amending his original motion for judgment filed March 23, 1998, to correct a misnomer," the amended motion was "without legal efficacy" since it was filed without leave of Court, *Mechtensimer v. Wilson*, 246 Va. 121 (1993). Although under *Mechtensimer, supra*, this Court acquires no jurisdiction to adjudicate any cause of action alleged in an amended motion for judgment filed without leave of Court, such a pleading under the circumstances of this case may be deemed to be a motion to amend under Virginia Code § 8.01-6.

Mr. Petty is requested to prepare an appropriate order consistent with this opinion for endorsement by Mr. Cook and presentation to the Court for entry. I would suggest that the order direct the Clerk to correct the motion for judgment by deleting Sr. and inserting Jr. and that the order further provide that no further responsive pleadings are required on behalf of the defendant.