# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Verdolotti,
Administrator
of the estate of
Constance Verdolotti,
deceased

v.

Jun K. Chung et al.

August 17, 2001

Case No. (Law) L98-768

BY JUDGE DEAN W. SWORD, JR.

This matter comes before the court upon hearing of a motion raising the defense of statute of limitations filed on behalf of the defendants, Vashen K. Tenekjian, M.D., and Cardiovascular and Thoracic Surgical Associates, Inc. (These defendants will for our purposes be referred to as "Tenekjian.") For reasons that are stated herein, the other named defendants are not joined in this motion.

*Facts*

This action requests damages for alleged medical malpractice which resulted in the death of Constance Verdolotti. The original motion for judgment was filed in this court on June 4, 1998, and alleged various acts of negligence by Jun K. Chung, M.D., D. B. Cough, M.D., Robert J. Accettola, M.D., and Portsmouth Cardiology, Inc. (The three doctors were alleged to be associated in the professional corporation.) The motion alleges that these negligent acts began on or about July 7, 1997, and ended with the death of Verdolotti on August 2, 1997. No issue is raised as to the timely filing of this action against these defendants. Various preliminary proceedings occurred

resulting in the plaintiff's obtaining leave to file an Amended Motion for Judgment dismissing all of the initial defendants save Chung and Portsmouth Cardiology, Inc., and adding Tenekjian. The amended motion was tendered to the Clerk of this court on October 20, 1999, and was ordered filed by the court on November 9, 1999. (The difference between the dates has no significance since both are more than two years after the death of Verdolotti on August 2, 1997.)

At the hearing held on July 17, 2001, counsel provided the court with additional facts that are essential to the decision on the motion.

It is stipulated that, while this suit has been pending, a separate motion for judgment against Tenekjian was filed in July 1999 in the Circuit Court for the City of Suffolk, Virginia making the same damage claim. (No issue is raised as to the timely filing of the matter in Suffolk.) For reasons unknown to this court, the Suffolk matter was not served and Verdolotti requested and received a voluntary nonsuit on November 2, 1999. It has, as of this date, never been refiled in Suffolk.

The parties also agree that the amended motion is not saved by any "relation back" rule and rises and falls upon whether the Suffolk action tolled the applicable statute of limitations, which is agreed to be two years from August 2, 1997. See Virginia Code § 8.01-244.

## The Statute of Limitations

It is well established that the filing and subsequent pendency of an action does not typically "toll" the statute of limitations. However, the issue of "tolling" is generally of no consequence when the action is timely filed. Thus, when an action is filed within the applicable time period, it proceeds to either trial or dismissal. However, there is an exception to this rule. If a wrongful death case "abates or is dismissed without" a determination on the merits, "the time such action is pending shall not be counted" as a part of the two year limitation period. However, this rule does not apply to a voluntary nonsuit which is governed by Virginia Code § 8.01-229(E)(3). (See Virginia Code § 8.01-244(B).)

Nonsuit in Virginia is a statutory right that essentially allows a plaintiff to dismiss a pending action for any reason as long as the motion is made prior to a motion to strike the evidence or the case is submitted for decision. The statute also requires the refiling of any nonsuited action to be in the same court "unless that court is without jurisdiction, or not a proper venue, or other good cause is shown." Virginia Code § 8.01-380(A). (This summary of the statute omits certain other restrictions that are not applicable to our facts.)

Virginia Code § 8.01-229 contains certain express provisions that relate to the tolling of statutes of limitation in limited situations. As noted above, we are directed to subpart (E)(3) to learn the effect of a nonsuit. It provides in part:

> If a plaintiff suffers a voluntary nonsuit . . . the statute of limitations . . . shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court . . . [omitting other times that do not apply to our facts]. This tolling provision shall apply . . . to all actions.

Following this statutory scheme, it would seem to be a correct conclusion to say that, if the plaintiff nonsuited and refiled in Suffolk and then asked for this matter to be transferred to this court and consolidated it with our pending matter, there would be no statute of limitations issue. But do these procedural deficiencies create a situation fatal to the plaintiff's case? Stated another way, does the "other good causes" exception of Virginia Code § 8.01-380(A) dispense with the procedural machinations the court has just described?

The court has found only a limited amount of case law that helps with our issue.

The Supreme Court in *Conner v. Rose*, 252 Va. 57, 471 S.E.2d 478 (1996), addressed the question of refiling in the circuit court after a nonsuit was taken in the general district court for the same jurisdiction. Finding that the new motion for judgment contained an ad damnum clause which exceeded the statutory jurisdiction of the general district court, the Supreme Court held the statutory language "quoted in Code § 8.01-380(A) is clear and unambiguous and, therefore, we apply its plain meaning." (The general district court was without jurisdiction.) *Id.* at p. 58.

Our Court of Appeals has also addressed this issue in the matter of *Clark v. Clark*, 11 Va. App. 286, 398 S.E.2d 82 (1990). This was a divorce that had been originally filed in Switzerland, was nonsuited, and then refiled in Virginia. On appeal the court categorized Code § 8.01-380 as a venue restriction as to where a case may be refiled, finding that the code section was "intended to address only intrajurisdictional, and not extrajurisdictional, forum shopping." *Id.* at p. 293. In essence the Court of Appeals viewed Code § 8.01-380 as a venue statute only.

If, then, our question is one of improper venue, Code § 8.01-258 is instructive; venue is not jurisdictional. Further, Code § 8.01-264 provides for the objection to improper venue: "but no action shall be dismissed solely on

the basis of venue if there be a forum in the Commonwealth where venue is proper." See also Code § 8.01-380(A).

Finally, the court would observe that, pursuant to Code § 8.01-380, the facts of this case would seem to present a sound argument for "good cause . . . for proceeding in another court." Clearly this court has Category B venue pursuant to Code § 8.01-262(1), (3), and (4). While venue may also lie in Suffolk, a strong argument could be made pursuant to Code § 8.01-265 for transfer of the action from Suffolk to Portsmouth. This court is generally no friend to the forum shopper who tries to pick a perceived "friendly" jurisdiction, yet this matter is not such a case. This is a suit against defendants who regularly practice medicine in this jurisdiction and who treated the plaintiff's decedent while she was a patient at a Portsmouth hospital.

Therefore we are compelled to find that the filing and subsequent nonsuit of the Suffolk action "tolled" the statute of limitations as provided in Code § 8.01-229(E)(3).

The last argument is that, because the amended motion was filed on October 20, 1999, it was done prior to the nonsuit and was somehow not timely refiled. The simple answer is found in Rule 1:8 of the Rules of the Supreme Court of Virginia: "No amendments shall be made to any pleading after it is filed save by leave of Court." Failure to comply with this rule has been found to divest the trial court of jurisdiction to adjudicate on the amended pleadings. *Mechtensimer v. Wilson*, 246 Va. 121, 431 S.E.2d 301 (1993).

As we noted above, the amended motion was, pursuant to Rule 1:8 and *Mechtensimer, supra*, not filed until leave of the court was granted by our order entered on November 9, 1999, after the nonsuit.

The plea of the statute of limitations filed by Tenekjian is therefore denied.