## CIRCUIT COURT OF THE CITY OF NORFOLK

Carolyn J. Walker

v.

American Association
of Professional Eye Care
Specialists, P.C.,
t/a AAPECS Eye Care,
Ronald B. Frenkel,
and Eric Hoffman

April 30, 2003

Case No. (Law) CL01-3097

BY JUDGE CHARLES D. GRIFFITH, JR.

On December 13, 2001, Carolyn J. Walker filed a Motion for Judgment against American Association of Professional Eye Care Specialists, P.C., Dr. Ronald B. Frenkel, and Eric Hoffman. Defendants filed a joint Motion to Quash and Motion to Strike on December 2, 2002. In their Motions, Defendants allege that Plaintiff's Motion for Judgment is invalid because it was improperly signed.

The relevant facts are as follows. Plaintiff personally signed the Motion for Judgment, but a local attorney, Robert S. Cohen, mailed it to the Norfolk Circuit Court Clerk (Clerk) with a cover letter and a check for the filing fee. The cover letter stated: "Enclosed herewith please find Motion for Judgment which I would appreciate your filing on behalf of the plaintiff herein. I am also enclosing our check in the sum of $184.00 for filing fee." (Letter from Cohen to Clerk of December 13, 2001.) The cover letter was written on Cohen's letterhead and the check was drawn on his trust account.

Following Defendants' Motions, the Court held a hearing on January 10, 2003. After hearing the evidence presented and the arguments of counsel,

the Court made a factual finding that Cohen had made an appearance as Plaintiff's attorney when he filed the Motion for Judgment. (Mot. Tr. from January 10, 2003, at 27-28; hereinafter "M.T.I.") Having made that finding, the Court then gave the parties an opportunity to submit briefs on the issue of what effect Plaintiff's signature on the Motion for Judgment had on the pleading's validity. *Id.* at 29-32.

Defendants filed their Brief in Support of Motion to Strike (Defendants' Support Brief) on January 27, 2003. Rather than submit a written response, Plaintiff requested and was given another hearing on February 7, 2003. At this second hearing, both Plaintiff and Cohen testified about the events leading up to the filing of the Motion for Judgment.

On February 10, 2003, Plaintiff sent the Court her Response to Defendants' Brief in Support of Motion to Strike (Plaintiff's Response). Plaintiff also filed an Affidavit on February 13, 2003. Defendants sent the Court their Response Brief in Support of Motion to Strike on February 18, 2003.

This Opinion addresses Defendants' Motion to Quash and Motion to Strike.

### *Defendants' Joint Motion to Quash and Motion to Strike*

In their motions, Defendants have argued that Plaintiff's Motion for Judgment was invalid because she signed it herself. (Defs.' Supp. Brief at 3-6.) According to Defendants, Rules 1:4(c) and 1A:4 of the Rules of the Supreme Court of Virginia require that any pleading be signed either by a *pro se* litigant or by a member of the Virginia State Bar, otherwise it is invalid. *Id.* At the time she signed the Motion for Judgment, Defendants allege that Plaintiff was neither a *pro se* party nor was she a member of the bar. *Id.* at 6.

Whether a pleading is invalid because a represented party rather than her counsel signed it is an issue of first impression for this Court. Neither the Court of Appeals nor the Supreme Court of Virginia has considered the issue. In fact, a search revealed only one similar case, *Roubik v. White*, 47 Va. Cir. 90, 1998 Va. Cir. LEXIS 280 (Fairfax County 1998). In *Roubik*, the Fairfax Circuit Court held: "Rules 1A:4 and 1:4(c) mandate that pleadings filed in Virginia courts contain the signature of a member of the Virginia State Bar, unless a party endorses the pleading pro se." *Roubik*, 47 Va. Cir. 90, 93, 1998 Va. Cir. LEXIS 280, *7. However, the disputed pleading in *Roubik*, a motion for judgment, was signed neither by counsel nor by any party to the case. *Id.* at 93, 1998 Va. Cir. at *7-*8. The case is not precisely on point, and the Court is not bound by the decisions of another circuit court. Therefore, the Court must conduct its own analysis of Rules 1:4(c) and 1A:4.

The language of the Rules supports Defendants' position. Rule 1:4(c) states: "Counsel or an unrepresented party who files a pleading shall sign it and state his address." Va. Sup. Ct. R. 1:4(c) (2003). Rule 1A:4 states, in relevant part: "Except where a party conducts his own case, a pleading, or other paper required to be served . . . shall be invalid unless it is signed by a member of the Virginia State Bar."[1] Va. Sup. Ct. R. 1A:4 (2003). Read together, Rules 1:4(c) and 1A:4 require the signature of either a *pro se* party or a Virginia-licensed attorney.

Plaintiff argues that her signature was not in violation of the Rules because Cohen did not represent her at the time the Motion for Judgment was filed. (Pl.'s Resp. at 5-7.) After the first hearing, the Court made a factual finding that Cohen was Plaintiff's counsel of record when the Motion for Judgment was filed. (M.T.I at 27-28.) The evidence adduced in the second hearing uncovered nothing that requires that finding to be set aside.

At the second hearing, Plaintiff and Cohen testified that she first met him to retain him in her suit against Defendants. (Mot. Tr. from February 7, 2003, at 10, 14-15, 17; hereinafter "M.T.II.") *Id.* at 14-15, 22-23. Plaintiff paid him $1500 as a retainer. Of that sum, $500 was to go toward an expert witness Cohen was to secure. *Id.* at 10-11, 17-18. At some later point, Cohen told her that he would not be able to actually litigate the case, but he continued to search for an expert witness and other counsel for Plaintiff. *Id.* at 14, 17-18. Noticing that the statute of limitations was about to run on her claim, Cohen had the Motion for Judgment drafted and gave it to Plaintiff. Id. at 11-12, 17, 19. When she indicated that she did not know the proper procedure of filing it, Cohen mailed the Motion for Judgment to the Clerk along with the cover letter and filing fee. *Id.* at 11-12, 18-19, 21. Afterwards, Cohen assisted Plaintiff by referring her to new counsel. *Id.* at 13-14, 15, 20-21.

Although Plaintiff and Cohen maintain that they had decided that he would not be trial counsel, it is clear that Cohen continued to represent and protect Plaintiff's legal interests from the time she retained him until he transferred the remainder of her retainer fee to her current counsel. Plaintiff was not an "unrepresented party" or a "party conducting her own case" as contemplated by the Rules.

---

[1] Although the title of Rule 1A:4 applies to foreign attorneys, it is well established that a title is not controlling as to the scope and meaning of a statute or rule. *See e.g.*, Va. Code Ann. § 1-13.9 (LEXIS 2003). Rather, the Court must consider the clear language of the Rule. *See e.g., Yates v. Pittman Mfg., Inc.*, 257 Va. 601, 605, 514 S.E.2d 605, 607 (1999).

In her Response, Plaintiff also argued that, even if her signature was improper, allowing Cohen to sign the Motion for Judgment pursuant to § 8.01-271.1 of the Code of Virginia can solve the problem. (Pl.'s Resp. at 7-9.) Section 8.01-271.1 states:

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, and the attorney's address shall be stated on the first pleading filed by that attorney in the action. . . . If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

Va. Code Ann. § 8.01-271.1 (LEXIS 2003). Despite Plaintiff's argument, the clear language of the statute only allows the Court to correct a pleading if the signature was *omitted*, not merely improper. The Court has no authority to allow Plaintiff to correct her pleading to conform to Rule 1A:4.

Under Rule 1A:4, the improper signature renders the pleading invalid. According to the Supreme Court of Virginia, an invalid pleading is not legally binding and has no legal effect. *Wellmore Coal Corp. v. Harman Mining Corp.*, 264 Va. 279, 283, 568 S.E.2d 671, 673 (2002). Therefore, the pleading should be quashed, Plaintiff's Motion for Judgment should be struck, and her cause of action should be dismissed with prejudice.

For the above-stated reasons, the Court sustains Defendants' joint Motion to Quash and Motion to Strike. It is so ordered.