# CIRCUIT COURT OF FAIRFAX COUNTY

Blunk

v.

Antwan Sutherlin
and ISIS Groups, Inc.

February 17, 2006

Case No. (Law) CL 2005-5511

BY JUDGE STANLEY P. KLEIN

This matter came before the court on January 27, 2006, for a hearing on Plaintiff's motion for summary judgment. For reasons unknown to the court, defense counsel did not appear at the hearing. Nonetheless, the court is still responsible for determining whether Plaintiff has met his burden of showing that no disputed, material factual issues remain and that Plaintiff is entitled to judgment as a matter of law.

Before addressing the ruling on Plaintiff's motion for summary judgment, I note that the purported Grounds of Defense filed on behalf of Antwan Sutherlin is not properly before this court because it was not filed within twenty-one days of service as required by Rule 3:8 of the Rules of Supreme Court of Virginia, nor was leave of the court requested or granted to file a late responsive pleading. *Mechtensimer v. Wilson*, 246 Va. 121, 122-23, 431 S.E.2d 301 (1993) (ruling that an amended motion filed without leave of the court had no legal efficacy and was outside the jurisdiction of the court to adjudicate).

234

The ISIS Groups, Inc. (ISIS) filed Grounds of Defense within twenty-one days of purported service on that defendant (October 28, 2005).[1] As such, the Grounds of Defense for ISIS is properly before the court and has been considered.

## I. *Background*

This dispute arises out of Defendants' alleged cutting and taking of an unknown quantity of timber on Plaintiff's land without compensation to Plaintiff. Plaintiff, along with Donna Thompson, not a party to this case, executed an agreement on November 11, 2004, which gave Defendants Antwan Sutherlin and ISIS the option to cut the timber on the land, provided that Defendants first paid Plaintiff and Thompson $200,000 thirty days prior to beginning cutting. Plaintiff's Memorandum in Support of Motion for Summary Judgment (MSJ), Exhibit A, Agreement, pp. 1-2.

By January of 2005, Plaintiff sought to cancel the contract. MSJ, Exhibit B, Defendants' Answers to Request for Admissions (Defendants' Answers), 6. Plaintiff tendered a $100,000 check originally given Plaintiff by Defendants back to Defendants' counsel on February 15, 2005. Defendants' Answers, 7-8. Before institution of this action, Plaintiff instituted another action seeking to enjoin the Defendants from removing the timber; however, a court denied the injunction. Defendants' Answers, 8-9. Plaintiff initially appealed this denial, but subsequently withdrew his appeal. Defendants' Answers, 9.

Plaintiff has demanded the re-tender of the $100,000 since May 20, 2005; however, Defendants have not re-tendered the payment. Defendants' Answers, 15, 17, 19.

In this matter, Plaintiff seeks judgment against Defendants Sutherlin and ISIS jointly and severally in Count I for breach of contract (with damages claimed of $100,000, plus interest, costs, and attorney's fees) and in Count II for violation of Va. Code § 55-331 (with statutory treble damages of $300,000 claimed, plus interest, costs, and attorney's fees). Plaintiff seeks summary judgment against the Defendants on both counts.

---

[1] The court does not rule that service by posting on Antwan Sutherlin is a proper means of service of process on ISIS.

## II. *Analysis*

Summary judgment is a drastic remedy that is available only where there is no material fact genuinely in dispute. It applies only to cases in which no trial is necessary because no evidence could affect the result. Rule 3:20 of the Rules of Supreme Court of Virginia; *Shevel's, Inc. – Chesterfield v. Southeastern Assocs., Inc.*, 228 Va. 175, 320 S.E.2d 339 (1984). When considering a motion for summary judgment, the court must adopt all inferences from the facts that are most favorable to the nonmoving party, unless such inferences are "strained, forced, or contrary to reason." *Dickerson v. Fatehi*, 253 Va. 324, 484 S.E.2d 880 (1997); *Klaiber v. Freemason Assocs.*, 266 Va. 478, 484, 587 S.E.2d 555 (2003). In deciding a motion for summary judgment, the court can consider the parties' pleadings and admissions. Rule 3:20 of the Rules of Supreme Court of Virginia. Other permissible sources under Rule 3:20 (e.g., orders made at a pretrial conference) are not relevant to this case.

After review of Plaintiff's Motion for Judgment, Defendant ISIS's Answer and Grounds of Defense, Defendants' Answers to Request for Admissions, and the arguments advanced in Plaintiff's Memorandum in Support of the Motion for Summary Judgment, the court finds that material facts remain in genuine dispute in this case, including, but not limited to, the following issues:

Whether a valid contract existed at the time of the alleged breach of contract (relevant to both counts).

Whether a breach of the promise to pay the $200,000 occurred (relevant to Count I).

Whether a trespass occurred when Defendants began cutting the timber (relevant to Count II).

The quantum of damages recoverable by the Plaintiff (relevant to both counts).

Therefore, the extraordinary remedy of summary judgment is not appropriate at this time. See *Shevel's, Inc. – Chesterfield v. Southeastern Assocs., Inc.*, 228 Va. 175, 181, 320 S.E.2d 339 (1984) (calling summary judgment a "drastic" remedy).

### III. *Conclusion*

For the reasons outlined above, the court denies Plaintiff's motion for summary judgment.