# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Malveaux and Fulton
Argued by videoconference

WINDSET CAPITAL CORPORATION

MEMORANDUM OPINION[*] BY
v.     Record No. 1216-22-4     JUDGE ROBERT J. HUMPHREYS
SEPTEMBER 12, 2023

THOMAS DEBOSKY, ET AL.

### FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

Peter S. Askin (John P. O'Herron; Tracy Kissler;
ThompsonMcMullan, P.C.; LegumFitzpatrick, PLC, on briefs), for
appellant.

Alex Heidt (The Heidt Law Firm, PLLC, on brief), for appellees.

Windset Capital Corporation appeals an order of Loudoun County Circuit Court vacating

a default judgment order that was entered by the court on May 6, 2016, against Thomas Debosky

and Crystal Blue Aquatics, LLC ("Crystal Blue").  Windset argues that the circuit court erred in

vacating the 2016 default judgment order because the signature defect in Windset's original

complaint could not be collaterally attacked and had been cured; the circuit court lacked

jurisdiction to consider the appellees' complaint; the appellees' complaint against the default

judgment was time-barred under Code § 8.01-428(A); and the court failed to articulate its

findings regarding the necessary elements for setting aside the default judgment pursuant to

Code § 8.01-428(D).

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

BACKGROUND

On November 17, 2015, Crystal Blue Aquatics, LLC, entered into a promissory note and security agreement ("Agreement") with Windset Capital Corporation, whereby Windset loaned Crystal Blue $60,000. Crystal Blue agreed to make daily payments to Windset beginning on the third business day after the loan amount was disbursed. Debosky signed the Agreement and guaranty of the note as president of Crystal Blue.

On February 2, 2016, Windset filed a complaint in the Loudoun County Circuit Court against Debosky and Crystal Blue, alleging breach of guaranty and breach of contract. The complaint alleged that Crystal Blue made only six payments pursuant to the Agreement before defaulting on December 1, 2015, and, upon demand, Debosky and Crystal Blue failed to make further payments to cure the default. The complaint contained no signature above Windset's counsel's name.

On March 17, 2016, without obtaining leave of court, Windset filed in the circuit court clerk's office a page containing only counsel's signature. The accompanying cover letter noted that enclosed was "Plaintiff's Original signature page to the Complaint which was inadvertently not filed with the Court at the time of filing."

On March 28, 2016, Windset filed a motion for default judgment. In the motion, Windset stated that Debosky and Crystal Blue were served with the complaint and neither had filed responsive pleadings. On May 6, 2016, the circuit court entered a final order on Windset's motion for default judgment. The court ordered that "defendants are deemed to have admitted all allegations contained in the Complaint" and that judgment is entered against Debosky and Crystal Blue, "jointly and severally, in the principal amount of $84,447.62," plus attorney fees and interest.

On June 29, 2021, Debosky and Crystal Blue filed a complaint to vacate the default judgment order. Debosky and Crystal Blue asked that the circuit court find Windset's complaint "void" pursuant to Code § 8.01-271.1 and Rule 1:4 because it lacked an attorney's signature. Windset filed an answer to the complaint and denied that the default judgment was entered on a void complaint. It admitted that the complaint was originally filed unsigned but stated that "the signed page was submitted to the court on March 17, 2016."

The parties appeared for a hearing on November 10, 2021. Debosky and Crystal Blue argued that Windset's original complaint was void for lack of a signature and that "nothing in the record [shows] that [Windset] served either Mr. Debosky or Crystal Blue Aquatics after the attempted fixing of the complaint." Windset argued that the signature defect was corrected. It further argued that Code § 8.01-271.1(E) states, "Failure to raise the issue of a signature defect in a pleading, motion or other paper before the trial court's jurisdiction expires waives any challenge to that pleading, motion or other paper based on such defect." The circuit court informed Windset that subsection E did not exist at the time the original complaint was filed in 2016. The circuit court stated that the pleading is void without a signature, and under the prior version of Code § 8.01-271.1, "[a] Plaintiff must obtain leave of court prior to curing a signature defect. If a leave is not sought, the signature affixed to the pleading without leave of court is ineffectual." The circuit court observed that Windset did not request leave of court to correct the signature defect. The court found that the complaint was "void" and the "default judgment is void, based upon the law at the time, and it will be set aside."

By order dated November 16, 2021, the circuit court vacated the 2016 default judgment order dated May 6, 2016, with no further explanation of its reasoning in the written order. The circuit court never ruled on Windset's motion for reconsideration and lost jurisdiction over the matter on June 21, 2022. Windset appealed.

ANALYSIS

I. Standard of Review

Windset's assignments of error relate to the interpretation of Code § 8.01-271.1, Code § 8.01-428 and Rule 1:8 of the Rules of the Supreme Court construing the active jurisdiction of the circuit court, and whether the default judgment order was void. These are questions of law that this Court reviews de novo. *Guan v. Ran*, 70 Va. App. 153, 156 (2019) (questions of a court's jurisdiction and statutory interpretation are questions of law); *Kelley v. Stamos*, 285 Va. 68, 73 (2013) (whether order was voidable is question of law).

II. Lack of Attorney's Signature on Complaint

Windset first argues that the "circuit court erred in vacating the 2016 default judgment when the signature defect at issue could not be attacked collaterally, and in any event had been cured under Code § 8.01-271.1."

"[A] void order is a nullity without force or effect and may be collaterally challenged." *Kelley*, 285 Va. at 75.

> An order is void ab initio if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court "could not lawfully adopt."

*Id.* (quoting *Singh v. Mooney*, 261 Va. 48, 51-52 (2001)) (collecting cases where circuit court did not have power to render the judgments at issue).

When the circuit court entered the default judgment order in 2016, Code § 8.01-271.1 (2015) stated, "[E]very pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . ." By signing the pleading, the attorney certifies that he has read the pleading, that the pleading is well grounded in fact and is warranted by existing law or makes a good faith argument for a change to

- 4 -

the law, and that the pleading is not interposed for an improper purpose. *Id.* "If a pleading, written motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." *Id.* Code § 8.01-271.1 as it existed in 2016 was silent regarding whether the pleader must obtain leave of court to correct the omitted signature. However, Rule 1:8 (2016) stated that, "No amendments shall be made to any pleading after it is filed save by leave of court."[1]

Our Supreme Court has "repeatedly held that a pleading, signed only by a person acting in a representative capacity who is not licensed to practice law in Virginia, is a nullity." *Shipe v. Hunter*, 280 Va. 480, 483 (2010) (collecting cases). The issue in *Shipe* was whether the signature of only the out-of-state lawyer appearing pro hac vice, without the signature of the Virginia licensed attorney, was sufficient to satisfy Rule 1A:4(2), stating that any pleading is invalid unless it is signed by local counsel. *Id.* Citing "strong public policy considerations underlying" Code § 8.01-271.1 and the rules requiring counsel's assurances that a pleading is tendered in good faith, the Supreme Court construed the statute and rules to require that a lawyer who files a pleading in a Virginia tribunal "must append his personal, handwritten signature to the pleading." *Id.* at 484 (noting exceptions to cases filed electronically).

The Court's holding in *Shipe* also turned on the fact that the statute of limitations had run on the claim and barred the cause of action by the time the omission of the proper signature was called to the pleader's attention. *Id.* at 485. The Court "observed" that "because the initial pleading was invalid, there were no valid proceedings pending before the circuit court that could have been amended." *Id.* (citing *Kone v. Wilson*, 272 Va. 59, 63 (2006)). The Court held that,

---

[1] Rule 1:8 has also since been amended and currently states, "No amendments *may* be made to any pleading after it is filed save by leave of court." (Emphasis added.) This amendment replacing "shall" with "may," effective March 1, 2021, does not affect our analysis or the outcome of this case.

"[b]ecause neither a pro se plaintiff nor an attorney licensed to practice law in Virginia signed the complaint, and because that defect could not be cured by amendment, the circuit court did not err in dismissing the complaint." *Id.*

In *Kone*, the Supreme Court found that the initial pleading before the circuit court was invalid because Kone, who signed the pleading, was not authorized to practice law in Virginia and therefore there were no valid proceedings pending before the court. *Kone*, 272 Va. at 63. Kone had filed a motion for judgment representing the interests of beneficiaries of a decedent's estate against healthcare providers. *Id.* at 61. However, the circuit court found that Kone could not legally proceed pro se as a representative and he was not licensed to practice law in Virginia. *Id.* Kone argued on appeal that once he obtained counsel, the circuit court "should have allowed his attorney to file an amended motion for judgment," or should have permitted counsel's filing to relate back to the date Kone filed an initial pleading. *Id.* at 63. The Court found that "Kone's initial motion for judgment was invalid and without legal effect." *Id.* (citing *Nerri v. Adu-Gyamfi*, 270 Va. 28, 31 (2005) (holding that a pleading signed by an attorney whose bar license is suspended was "invalid and had no legal effect,"); *Wellmore Coal Corp. v. Harman Mining Corp.*, 264 Va. 279, 283 (2002) (amendment to a pleading "presupposes a valid instrument as its object")). "Thus, in the absence of a valid motion for judgment, there were no pleadings before the court that could have been amended." *Id.* "Moreover, because Kone's initial pleading was invalid, *there were no valid proceedings* pending before the court." *Id.* (emphasis added). The Court affirmed the circuit court's judgment dismissing Kone's motion for judgment.

In the present case, the circuit court issued a default judgment which proceeded from a complaint that contained no signature. Based on Virginia Supreme Court precedent, the

complaint was a nullity and no valid proceedings, including issuance of a default judgment, could follow from it.

Windset attempted to correct the omitted signature. However, the circuit court found that Windset did not obtain leave of court to correct the omitted signature, nor was the omitted signature served on the opposing party. To the extent that adding an omitted signature is an amendment, Rule 1:8 requires that an amendment to any pleading must be made by leave of court, and amendments made without leave of court are without effect. *Mechtensimer v. Wilson*, 246 Va. 121, 122-23 (1993).

In *Mechtensimer*, the Supreme Court held that failure to comply with Rule 1:8 was a jurisdictional defect. *Id.* at 123. Mechtensimer filed a motion for judgment against Wilson. *Id.* at 122. Prior to service on Wilson, Mechtensimer filed an amended motion for judgment without seeking leave of court as Rule 1:8 requires. *Id.* Wilson was served with the amended complaint and filed a response. However, he later learned that the amended complaint had been amended without leave of court and he moved to "dismiss the action on the ground that the court lacked jurisdiction because Mechtensimer failed to comply with Rule 1:8." *Id.* The circuit court granted his motion to dismiss. *Id.* The Supreme Court affirmed the circuit court's finding that the "amended motion was without legal efficacy because [Mechtensimer] failed to obtain leave of court to amend his original motion for judgment." *Id.* at 122-23. "Thus, the court did not acquire jurisdiction to adjudicate any causes of action alleged in the amended motion." *Id.* at 123.

Our Supreme Court's jurisprudence dictates that Windset's unsigned complaint had no legal effect, and no valid proceedings could have resulted from it. Windset's attempt to correct the omitted signature was ineffectual. The signature defect on the complaint places the default

- 7 -

judgment in the category of orders "that the court had no power to render." *Kelley*, 285 Va. at 75. Therefore, the circuit court did not err in vacating the default judgment order.[2]

### III. Application of Code § 8.01-428[3]

Windset's remaining assignments of error collectively assert that the circuit court erred by failing to comply with the requirements of Code § 8.01-428 for setting aside default judgments. As discussed supra, the circuit court ruled the default judgment order was void because the underlying complaint was a legal nullity based upon Rule 1:8 and not pursuant to any authority provided in Code § 8.01-428. Virginia case law provides that a void order can be directly or collaterally attacked in any court at any time. *Rook v. Rook*, 233 Va. 92, 95 (1987); *Singh*, 261 Va. at 51. Therefore, the circuit court did not err in vacating the default judgment order outside of the 21 days after entry of the final order provided in Rule 1:1, as Windset asserts. The circuit court's ruling also does not implicate the two-year statute of limitations that is provided in Code § 8.01-428(A), because the court's ruling was not based on a finding of

---

[2] We observe that at the time the circuit court acted in this case, there were inconsistencies in Virginia's jurisprudence concerning whether an unsigned pleading was a legal nullity and therefore could not be amended or was a nullity until properly amended. *Compare Kone*, 272 Va. 59, *with Braun v. QuantaDyn Corp.*, No. 190974 (Va. May 28, 2020) (observing that Code § 8.01-271.1 (2015) contemplated corrections to a signature defect, but a signature added without leave of court rendered the pleading ineffectual). Under either legal proposition, Windset's complaint was a nullity. Going forward, the General Assembly clearly intends that a signature defect on a pleading only renders that pleading "voidable." Code § 8.01-271.1(A); 2020 Va. Acts ch. 74 (H.B. 1374). "Failure to raise the issue of a signature defect in a pleading, motion, or other paper before the trial court's jurisdiction expires pursuant to Rule 1:1(a) and Rule 1:1(B) waives any challenge to that pleading, motion, or other paper based on such a defect." Code § 8.01-271.1(E); *see also* Rule 1:5A (promulgated in 2020 following amendments to Code § 8.01-271.1 and stating signature defects render pleadings "voidable").

[3] Windset's second assignment of error asserts that the circuit court erred by finding the appellees pleaded and proved fraud on the court under Code § 8.01-428. The circuit court made no findings whatsoever regarding fraud upon the court, and we will not address this alleged error. Rule 5A:20(c)(2) ("An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court or other tribunal from which an appeal is taken . . . is not sufficient.").

fraud perpetrated upon the court. Finally, the circuit court's order vacating the default judgment was not based on authority provided in Code § 8.01-428(D); thus, it was not required to articulate its findings regarding the five necessary elements for setting aside a judgment pursuant to Code § 8.01-428(D), as set out in *Charles v. Precision Tune, Inc.*, 243 Va. 313, 317-18 (1992).

## IV. Appellees' Motion to Dismiss

Debosky and Crystal Blue filed a motion to dismiss this appeal. They argue that Windset failed to appeal the underlying case (case number 99-427), that Windset's assignments of error improperly reference pleadings, motions and other filings in the underlying case in violation of Rule 5A:19(e), and that Windset failed to file an appendix in violation of Rule 5A:25(a).

In this appeal Windset challenges the circuit court's November 2021 order vacating the 2016 default judgment order. Windset appealed the correct order. Windset cites to the record in this case and did not run afoul of Rule 5A:19(e). Finally, Windset was not required to file an appendix because a circuit court clerk filed the electronic record. Rule 5A:25(a)(1). We therefore deny the appellees' motion to dismiss. We also decline to award the appellees attorney fees and costs associated with defending this appeal.

For the foregoing reasons, we affirm the judgment of the circuit court.

*Affirmed.*